FREELAND, Appellant, *vs.* WILSON *et al.*, Respondents.

1. An administrator who has been ordered by a county or probate court to pay over to the distributees of the estate cannot, *under ordinary circumstances*, maintain a bill of interpleader against those claiming the benefit of the order. The order is conclusive unless appealed from; if it is general, not naming the distributees, the administrator may obtain a specific order.
2. A bill of interpleader may be maintained against *non-residents*, under circumstances otherwise appropriate.

### Appeal from Callaway Circuit Court.

This was a petition in the nature of a bill of interpleader, filed by Joseph Freeland, administrator of the estate of Jacob Freeland, against Robert J. Wilson and Martha Ann Wilson, who claimed to be two of the distributees of said estate. The petition stated that the plaintiff, as administrator, had been ordered by the Callaway county court to pay to the distribu-

tees of said estate, the heirs and legal representatives of said Jacob Freeland, a certain specified sum, and that he had complied with the order, so far as it was safe for him to do so; that there was due to the heirs of Joseph J. Wilson, deceased, the sum of seven hundred dollars, one half of which sum he had paid to the defendant, Robert J. Wilson, the son of said Joseph J., by his first marriage, and the other half of which was claimed for Martha Ann, as a child of said Joseph J., by his second marriage; and that the said Robert J. claimed the whole amount of the seven hundred dollars, on the ground that the second marriage of said Joseph J. was illegal and void. The order of the county court was not set out, nor did its terms appear from the petition, otherwise than as above stated. The petition was accompanied by an affidavit that the defendants were non-residents, and there was an order of publication. At the return term, the defendant, Martha Ann, answered by her guardian; the other defendant did not appear. The court dismissed the suit, assigning as a reason that it had no jurisdiction, the defendants being non-residents, and the plaintiff appealed.

*Ansell*, for appellant.

SCOTT, Judge, delivered the opinion of the court.

1. This case is not presented in such a manner as to enable us to determine whether or not the mode for obtaining relief, adopted by the appellant, is applicable. Although the distinction between legal and equitable relief is abolished, yet when a statute gives a summary method of obtaining an end which is complete in itself, the party cannot now, as he could not before the introduction of the code, resort to that mode which, under the old regime, would be a bill in equity. The relief which formerly would have been termed equitable, can, under the new system, be obtained only in those cases in which it was formerly applicable.

If a distribution has been already made, that distribution is

25—VOL. XVIII.

conclusive, if the order of the county court making it has not been appealed from ; at least nothing is stated in the pleadings which would warrant this court in disturbing it.   If no distribution has been made, which is final and conclusive upon the parties, it may yet be made ; and if not in pursuance to law, the statute prescribes a mode by·which its errors may be corrected.   The proceedings in the county court, relative to the distribution of the estate, are not set forth, and we are uninformed as to the manner in which it was made. ·  Nothing here said is designed to convey the idea that cases may not arise involving circumstances which would warrant a resort for relief to those .extraordinary powers heretofore exercised by courts of equity.   All that is meant is, that the case, as it is nakedly presented, does not warrant any relief other than that afforded by the statute.   If the order is, to distribute generally, without naming the distributees, we do not consider it beyond the power of the county court to make it specific.   If the whole share of the deceased father has been ordered to be paid to one child, in ignorance of the claim of the other, that might be ground for an injunction and relief.   When the law supplies so easy and cheap a remedy for errors committed in the distribution of estates, as that prescribed in the statute concerning .administration, it is best to pursue it, unless obstacles exist which render it inappropriate or defective.

2. If a fund is in the hands of an agent of our law, which is claimed by two non-residents, and one of them makes a demand in this state on the agent, under circumstances otherwise .appropriate, we see no objection to a bill of interpleader, or a proceeding of that nature by the agent, for the purpose of ·compelling the claimants to litigate their rights.   In such a proceeding, upon a decree against a non-resident, on notice by publication only, or by service beyond the limits of the state, he would, under the statute regulating the proceedings in chancery, (art. 6,) have an opportunity of contesting the validity ·on the merits.

The other judges concurring, the decree below is affirmed.