————o————

## CATHERINE CARTER, Respondent, *vs.* J. A. ARBUTHNOT, *et al.,* Appellants.

1. *Practice, civil—Suits where to be brought—Statute, construction of.*—The second section of the practice act (Wagn. Stat., 1005,) applies where the suit is brought against the property of the person alone, or there are no other defendants residing in the same county. The third section is intended to meet the case where the action is for the possession or there is something affecting the title.

2. *Attachment—Suits by, where to be brought—Statute, construction of.*—In suits by attachment (Wagn. Stat., 185, ¾ 21), if the defendants reside or have property in different counties, then separate writs may issue to every such county. Wherever a defendant resides or has property, the suit may be instituted. Either the one or the other gives jurisdiction. Jurisdiction being thus obtained, a separate writ may then issue to any co-defendant, who either resides in, or has any property in, another county.

*Appeal from Chariton Court of Common Pleas.*

*Charles L. Dobson,* for Appellants.

*C. Hammond,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

Plaintiff brought her suit in the Chariton court of Common Pleas, by attachment, against Beemer, who was a resident of that county, and Arbuthnot, who was alleged to be a non-resident of the State. A writ issued to the sheriff of Chariton county, and was returned duly served upon Beemer, and a separate writ was issued to Linn county, where the land of Arbuthnot was seized.

Publication was regularly made as to Arbuthnot, and at the return term he appeared and filed his plea in abatement. The issues were found against him, and final judgment was

rendered, awarding a special execution against his land. The only point made in this court is, that by the proceedings the court acquired no jurisdiction over Arbuthnot's lands situated in Linn county. To sustain this position, we are referred to sections two and three of the third article of the practice act (Wagn. Stat., 1005), the former section declaring that suits commenced by attachment against the property or person shall be brought in the county in which such property may be found; and the latter providing that suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate, or some part thereof, is situated.

By the 21st section of the attachment act, it is provided, that where there are several defendants, who reside or have property in different counties, and where a single defendant, in any such action, has property or effects in different counties, separate writs may issue to every such county. (Wagn. Stat., 185.) There is nothing inconsistent in the two provisions of the statute as contained in the practice act and the attachment law, but they are both harmonious and effective when applied to the cases contemplated by the statute. The second section of the practice act applies where the suit is brought against the property of the person alone, or there are no other defendants residing in the same county, and the third section is intended to meet the case where the action is for the possession, or there is something affecting the title. But the attachment law confers jurisdiction upon a different principle. If the defendants reside or have property in different counties, then separate writs may issue to every such county. Wherever a defendant resides or has property the suit may be instituted. Either the one or the other gives the jurisdiction. Jurisdiction being thus obtained, a separate writ may then issue to any co-defendant who either resides in, or has any property in, another county.

As Beemer resides in Chariton county, the suit was properly brought there, and the writ was then rightfully issued against Arbuthnot's property in Linn county. Wherefore

the judgment should be affirmed. The other judges concur, except Judge Vories, who is absent.