SEDALIA NATIONAL BANK, Appellant, v. LILLIAN F. RUDERT et al., THOMAS J. STINSON, Respondent.

**Kansas City Court of Appeals, February 13, 1911.**

1. **ATTACHMENT:  Situs:  Statutory Law.** The statute (sec. 1752, R. S. 1909) requiring all suits by attachment to be brought in the county where the property attached is situated, is a part of the practice act applicable to a suit when the property alone is proceeded against, or when there are no other defendants in the same county.

2. ——:  ——:  ——:  By the provisions of the statute as to the place where ordinary actions shall be brought in connection with the statute providing where actions by attachment shall be brought, an action by attachment may be brought in the county where a defendant resides, or, if a non-resident, in the county where he may be found, although he has no property in such county; and an attachment writ may be directed to a county where such defendant has property, and the property there levied upon.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*Botsford, Deatherage & Creason* for appellant.

(1) The circuit court of Vernon county did not have any jurisdiction and its judgment was void in the case of the action of the First National Bank of Nevada against these defendants, for the reason that neither of

the defendants lived in Vernon county and had no property in that county. R. S. 1899, secs. 563, 387; McGrew v. Foster, 54 Mo. 258, 261; Carter v. Arbuthnot, 62 Mo. 582; Huxley v. Harold, 62 Mo. 516; Monarch Rubber Co. v. Bunn, 82 Mo. App. 603. (2) A proceeding against a garnishee, while in the nature of a levy on property or credits in his hand, is personal as against him, and money or property in the hands of a third party can only be reached by garnishment process against him. This would seem to be fundamental and axiomatic in the law of garnishment and would not seem to require the citation of statutes or authorities. A mere levy of an execution or attachment on real estate is not a garnishment nor process of a suitable kind to bind a garnishee, like the trustee, Stinson, personally, with any surplus coming into his hands from the sale of the real estate. And even though the surplus in the hands of Stinson, trustee, may for certain purposes be regarded as real estate, the same as was the real estate which was sold, still our courts have always recognized that it is necessary in order to reach the surplus in a suit against the mortgagor, to do so by attachment and process of garnishment against the trustee. Casebolt v. Donaldson, 67 Mo. 308; McGuire v. Wilkinson, 72 Mo. 199; Eubank v. Finnell, 118 Mo. App. 535.

*M. T. January* and *Johnson & Lucas* for respondent.

(1) When a suit is commenced by summons, plaintiff may at any time before judgment, sue out an attachment and the writ may be levied on property of the defendant anywhere in the state. R. S. 1899, sec. 378; Carter v. Arbuthnot, 62 Mo. 582; Donnell v. Byern, 80 Mo. 332. (2) When judgment is rendered in an attachment suit, the attachment is merged in the judgment, but the judgment for its priority relates back to the date of the attachment. Green v. Dougherty, 55 Mo.

App. 217; Drake on Attachment (7 Ed.), sec. 224a R. S. 1899, sec. 401. (3) On foreclosure of a deed of trust, the surplus in the trustee's hands is disposed of as realty and not as personalty. Kregling v. O'Brien, 97 Mo. App. 384. (4) On foreclosure of a deed of trust, the trustee holds the surplus, charged with the same liens the land was charged with. Markey v. Langley, 92 U. S. Sup. Ct. 142; McGuire v. Wilkinson, 72 Mo. 199; 2 Perry on Trusts (2 Ed.), sec. 602ff. (5) The lien of the judgment of the First National Bank of Nevada, on the surplus in the hands of the trustee being superior to that of the Sedalia National Bank, the trustee only performed his duty in crediting that surplus on the first mentioned judgment. (6) It is stated as a general proposition that a garnishee is liable to an attaching creditor if he would be liable at the suit of the defendant in attachment. The attaching creditor has no greater or different right as against a garnishee than defendant himself has. Drake on Attachment (7 Ed.), sec. 462.

ELLISON, J.—This action was brought with an attachment in aid, to recover the amount of a promissory note and Stinson was summoned as garnishee. He answered and was discharged with costs and an allowance of twenty-five dollars for answering. When the case was called for trial the following agreed statement of facts was made, which explains the nature of this action and those connected with it:

"That on June 30, 1908, the First National Bank of Nevada, Missouri, filed a suit in the Vernon Circuit Court against defendant, Lillian F. Rudert, and summons was duly served on her in Vernon county. This suit was on a note for $1500 and was made by said Lillian F. Rudert as principal and R. A. Lucas as security. The suit was returnable to the October term, 1908, of said court.

On September 2, 1908 said First National Bank duly filed an affidavit and bond and sued out a writ of attachment in the suit aforesaid. Said writ was directed to the sheriff of Jackson county, Missouri, was dated September 2, 1908, and was duly levied by said sheriff September 3, 1908, on the following described real estate situate in Jackson county, Missouri, to-wit: . . . That said land was then owned by said Lillian Rudert and was encumbered with a trust deed for $550 and interest; that at the October term, 1908, of the Vernon Circuit Court, said Lillian Rudert filed answer and applied for and obtained a change of venue to Henry county, where on the 26th day of January, 1909, the said First National Bank recovered judgment sustaining its attachment and for the sum of $1524.50. This judgment was duly assigned to R. A. Lucas, who has ever since been and is now the owner and holder of it.

"After the attachment aforesaid by the First National Bank, the Sedalia National Bank, plaintiff in this case, filed this suit (in Jackson County Circuit Court) and sued out a writ of attachment, which was duly levied on the above described land. Afterwards, on the 27th day of February, 1909, the deed of trust aforesaid for $550 was foreclosed by Thomas Stinson, the trustee, named therein, and the property was sold to R. A. Lucas for $800. After satisfying the note and paying the expenses of foreclosure, there was left a surplus of $333.61 which was applied as a credit on the judgment in favor of the First National Bank of Nevada, then owned by said Lucas. A few minutes after the sale and before the trustee's deed had been made, plaintiff garnisheed the trustee under an alias writ of attachment in this case. Before the sale, it was understood and agreed between Lucas and the trustee, that in the event that Lucas purchased the property, any surplus remaining should be applied as part payment on said

First National Bank judgment, which agreement was unknown to plaintiff and other bidders at such sale.

"That at the time of the commencement of the suit of the First National Bank of Nevada, Missouri, aforesaid, the defendants did not then and have not since resided in said Vernon county, nor in the State of Missouri, but said defendant, Lillian F. Rudert, was temporarily in said Vernon county at the time of the service of summons on her in said First National Bank case, pending in Vernon county. That no property of defendant, Lillian F. Rudert, was found or levied upon in said Vernon county, Missouri, and no attachment writ was issued to the sheriff of said Vernon county, Missouri. That defendant, J. B. Rudert, was not a party to the said suit of said First National Bank of Nevada.

"The First National Bank of Nevada is located in Vernon county. The service on defendants in this case was by publication."

Under the facts of the case, the judgment herein is made to depend upon the validity of the attachment in Jackson county under a writ issued from the circuit court in Vernon county in the suit instituted in that county. Plaintiff contends that that attachment was void, while defendant insists it is valid, and both rely on the statute, as they must, since the statute has set down in arbitrary terms the conditions of jurisdiction. In the action begun in Vernon county by the First National Bank of Nevada, Rudert, the defendant therein, was not a resident of this state, but was temporarily in Vernon county, and personal service had upon him. Afterwards an attachment was issued in the case and sent to Jackson county where it was executed by levy. The statutes (R. S. 1909) relating to the place where suits may be brought with and without attachment, will be noticed. Section 1751, division four, provides that an ordinary action when the defendant is a nonresident of the state, may be brought in any county in the state. It is then provided by section 1752 that:

"Suits commenced by attachment against the property of a person, or in replevin or claim and delivery of personal property, where the specific property is sought to be recovered, shall be brought in the county in which such property may be found; and in all cases where the defendant in actions in replevin or claim and delivery of personal property is a non-resident of the county in which the suit is brought, service shall be made on him as under like circumstances in suits by attachment."

It is further provided by section 2306 that when the action has been commenced by summons, and without original attachment, the plaintiff may, at any time pending the suit and before final judgment, sue out an attachment by filing affidavit and giving bond, as in an original attachment. It is also provided, in section 2314, that "When there are several defendants, who reside or have property in different counties, and when a single defendant in any such action has property or effects in different counties, separate writs may issue to every such county."

As an ordinary action, without attachment, the suit in Vernon county was properly brought in Vernon county, for there the plaintiff resided and the non-resident defendant was found. But in one view of the statute, the suit could not be turned into an action by attachment unless property was also found there, for, in that view, the statute is mandatory that actions by attachment must be brought in the county where the property is. In that view you could no more bring an action by attachment in a county where there was no property than you could bring replevin in such county; the provision as to both is in the same section. In that view section 2306 merely provides for an attachment being taken out after the action has been instituted as an ordinary action, and, it would seem, would confer no additional jurisdiction. So with section 2314, in that view it merely provides for writs to different counties. The suit must be properly brought; that is, in

the county where the property to be attached is located; then, if there are several defendants who reside. or who have property in other counties, separate writs may issue to such counties; and if there is only one defendant and he has property, not only in the county in which he is sued, but in other counties also, separate writs may be issued. In the view stated, all these provisions should be construed in harmony with what is said to be the primary requirement, that a suit by attachment must be brought in a county where the property is. In our opinion the case of Magrew v. Foster, 54 Mo. 258, supports the foregoing construction.

But there is another construction which may be given the statute. It is this: That section 1752 should be qualified by section 2314, which provides for an attachment against property situate in a county in which the action is not brought; and by section 1751, defining how an ordinary action may be brought; and section 2306, authorizing an attachment to be taken out in aid of that action. It is argued that since an ordinary action may be brought in a county where the defendant resides, or, if he is a non-resident, in any county where he may be found, and since an attachment may afterwards issue in aid of such action, and since writs of attachment may be directed to other counties where the defendant has property, it cannot be meant that in all instances suit must be brought in the county where the property is located. This view finds support in Carter v. Arbuthnot, 62 Mo. 582. In that case an attachment suit was against two defendants and it was brought in the county where one of them resided, but there was no property in that county. The other defendant had property in another county, but he was a non-resident. The court held the action was properly brought in the county where there was no property. It held that the statute requiring suits by attachment to be brought in the county where the property was situated,

was applicable where the action was against the property only; or there are no other defendants residing in the same county. Following that statement, the court made use of this language, as applicable to ordinary attachment actions, *in personam*: "Wherever a defendant resides or has property, the suit may be instituted. *Either the one or the other* gives the jurisdiction." (Italics ours.)

In that case the suit was brought and jurisdiction of the person obtained in the county where one of the defendants resided; while in this case jurisdiction of the person was obtained of a non-resident defendant found in plaintiff's county. But there is no difference, since the statute allows either mode for the proper institution of an action and we can see no reason why an attachment writ cannot as properly go to another county in the latter case as the former. We therefore hold that the attachment levied in Jackson county in aid of the suit in Vernon county, was valid.

The trustee in the deed of trust mentioned in the agreed statement of facts, at the time he sold the land under the deed of trust, knew of the levy of the attachment from Vernon county and that there was a judgment sustaining the attachment. He agreed that if Lucas, the surety on the note sued on in Vernon county, purchased the property any surplus or bid over the amount required to satisfy the deed of trust, should be applied on the Vernon county judgment. But at any rate, the judgment and attachment in the Vernon county suit was prior to the attachment and garnishment made by this plaintiff. The judgment is affirmed. All concur.