STATE OF MISSOURI ex rel. JOHN S. LEAHY et al., Relators, v. JAMES D. BARNETT, Judge, Respondent.

**St. Louis Court of Appeals, November 23, 1915.**

1. **ATTACHMENT: Jurisdiction over Res.** Under Sec. 1752, R. S. 1909, an attachment suit may be instituted in any county where the defendant has property or effects; and hence the circuit court of a county in which a nonresident defendant has a deposit in a bank has jurisdiction of an attachment suit against him, where the bank is summoned as garnishee.

2. **GARNISHMENT: Jurisdiction: Garnishee Residing in Another County.** Where the circuit court of a county has jurisdiction of an attachment against several nonresident defendants, by reason of the garnishment of the bank deposit of one of them within the county, it has authority, under Secs. 2314, 2311 and 2413, R. S. 1909, to require a garnishee residing in another county to come into court and answer the interrogatories.

3. ATTACHMENT: Writs to Different Counties: "Property:" "Effects." The word "property," in Sec. 2314, R. S. 1909, providing that when there are several defendants who reside in different counties, or when a .single defendant has "property or" effects" in different counties, separate writs of attachment may issue to every such county, is *nomen generalissimum* and extends to every species of valuable right and interest, including real and personal property, money, credits, easements, franchises and other incorporeal hereditaments, and the word "effects" embraces every kind of property, real and personal, including things in action.

4. ————: Attachment of Property of One Defendant: Jurisdiction over Codefendants. In a suit by attachment against several defendants, the attachment of the property of one of the defendants in the county in which the suit is brought will sustain the jurisdiction of the court as to all the defendants, and the property of one or all of the other defendants, located in other counties, is subject to attachment in that suit.

5. GARNISHMENT: Jurisdiction: Garnishee Residing in Another County. The circuit court of a county in which one of several nonresident defendants has a bank deposit which is garnished, has jurisdiction to summon a person residing in another county as garnishee, to answer the interrogatories, notwithstanding the interrogatories relate to his possession of property, credits, etc., belonging to the other defendants.

6. ————: Attachment: Jurisdiction: Situs of Debt. The legal fiction concerning the situs of a debt following the person of its owner yields to the necessities of the attachment statutes, to the end that they may be effectuated and credits reached and impounded, and hence a debt due from residents to nonresidents may be garnished in an attachment suit.

## Original Proceeding.   Prohibition.

WRIT QUASHED.

*Leahy, Saunders & Barth* for relator.

(1) There is no fixed situs of a debt. It follows the domicile either (a) of the owner or (b) the debtor. Ordinarily it is the domicile of the owner that determines the situs of a debt but for the purpose of attachment it may be the domicile of the debtor. In the case at bar the domicile of the alleged owners of the debt, or

creditors, is Canada, and the domicile of the alleged
debtors, relators herein, is the city of St. Louis. By no
possibility can there be said to be a situs of the debt in
the county of Audrain. ''Wherever the creditor might
maintain a suit to recover the debt, there it may be
attached as his property provided the laws of such
place authorize it.'' By no possibility could the al-
leged creditors in the case at bar, the Canadians, sue
the alleged debtors, relators, in Audrain County.
Hardware & Manufacturing Co. v. Lang & Co., 127
Mo. 242, l. c. 246-7; Howland v. Railroad, 134 Mo. 474.

(2) Sec. 2314, R. S. 1909, providing for the issu-
ance of separate writs to every county where prop-
erty or effects might be located, and upon which
respondent relies, manifestly has reference to pro-
ceedings other than the garnishment of credits for
the following reasons: (a) The section referred to is
not embodied within the article governing garnish-
ments specifically. Attachment ordinarily contem-
plates the manual seizure of tangible property belong-
ing to the defendant in the principal suit and not in-
volving the determination of the rights of third par-
ties. To give that section the broad construction con-
tended for would be to overthrow the principles of law
evolved in this State governing the situs of a debt, and
force a litigation of the garnishment proceedings at a
place which is neither the domicile of the creditor nor
the debtor, contrary to the principles announced in the
cases supra. The courts will not construe a statute in
such a way as to do violence to well-established prin-
ciples. (b) Sec. 2314 provides in terms for the at-
tachment of ''property or effects'' by ''separate.
writs'' running to each county where same may be lo-
cated. The section does not include the reaching of
''credits'' also, as, for example, provided in sec. 2316,
subdivision 5. Likewise, the section provides only for
the issuance of ''writs'' and in garnishment there must

issue writs and summons thus involving the rights of another.

Proceedings in garnishment involve the doing of something more than a mere seizure of tangible property on attachment. Seizure itself creates a lien on the property in attachment but the garnishment does not. Dodge v. Knapp, 112 Mo. App. 513, l. c. 522. Further, something more than a seizure is necessary in garnishment to bring the *res* into court. There must be, in addition, a sufficient declaration on the part of the officer that he does attach and garnish. "This statutable declaration of sequestration to the garnishee takes the place of manual seizure on account of the intangibility of the credits there referred to." Kansas and Texas Coal Co. v. Adams; 99 Mo. App. 474, l. c. 480; Howell v. Sherwood, 213 Mo. 565, l. c. 576; 2 Shinn on "Attachment and Garnishment" (1896) sec. 612 .

(3) The Audrain County Circuit Court has no jurisdiction in any event, or by any construction, for the reason that only the property of the defendant Alfred H. Woodman is found in Audrain county. The answer of the Mexico Savings Bank to this effect must be taken as true in the absence of denial. Sec. 2433, R. S. 1909.

*C. C. Madison* and *Fry & Rogers* for respondent.

(1) An attachment will lie in any county in which a defendant has property. Huxley v. Harrold, 62 Mo. 516; Carter v. Arbuthnot, 62 Mo. 583; Monarch Rubber Co. v. Hutchison, 82 Mo. App. 603; Sedalia Bank v. Rudert, 153 Mo. App. 450; Magrew v. Foster, 54 Mo. 258. (2) Serving garnishment process is "finding property" in the jurisdiction in the sense of the statute on attachments. Harris v. Meredith, 106 Mo. App. 586. (3) Relators are clearly attempting through the medium of a writ of prohibition to procure a review of the action of the circuit court of Au-

drain county as upon an appeal or writ of error. It has repeatedly been held by the Supreme Court of this State that such is not the proper function of a writ of prohibition. Wand v. Ryan, 166 Mo. 646; State ex rel. v. Riley, 203 Mo. 175.

NORTONI, J.—This is a proceeding in prohibition instituted in this court. Respondent is the judge of the circuit court of Audrain county.

It appears that Samuel M. Locke and E. R. Locke, residents of Audrain county, Missouri, instituted their suit by attachment against Alfred H. Woodman, James H. Sanderson, David William Adam, Henry W. Laird, Donald McLean and John McLean, defendants, in the circuit court of Audrain county. All of the defendants in attachment above named are said to be residents of the Dominion of Canada, and the affidavit in attachment so recites the fact to be—that is, the attachment proceeds on the ground the defendants are nonresidents of the State. In the suit plaintiffs sued out two separate writs of attachment—one directed to the sheriff of Audrain county, and the second to the sheriff of the city of St. Louis, Missouri. The attachment suit was instituted in Audrain county because it appeared the defendants had property there subject to the jurisdiction of the court—that is to say, money on deposit in the Mexico Savings Bank—, and under the writ of attachment addressed to the sheriff of Audrain county the Mexico Savings Bank was summoned as garnishee in the case. Under the separate writ of attachment issued to the sheriff of the city of St. Louis, the relators, John S. Leahy et al., were summoned as garnishees to answer the interrogatories preferred in the circuit court of Audrain county. Relators filed a motion in the circuit court praying that they be discharged from answering the interrogatories in garnishment because the court was without jurisdiction to

require them to appear and answer in that county, and this was overruled. Thereafter the preliminary writ in prohibition was issued here, in the view that the circuit court of Audrain county was without jurisdiction to require the garnishees so residing in St. Louis to appear in the circuit court of Audrain county.

It is argued the circuit court of Audrain county is without power to require these garnishees, relators, to answer and proceed to condemn the debt owing by them to defendants in attachment—that is to say, that relators as garnishees may not be required to answer touching that matter in any court other than that of the city of St. Louis, wherein the garnishees reside. When the several relevant provisions of the statute are viewed, the argument is obviously without merit. Section 1752, Revised Statutes 1909, authorizes a suit by attachment against the property of a defendant in the county where such property may be found. Under this statute, it has been frequently declared that a suit by attachment may be instituted in any county where defendant has property or effects. [See Huxley v. Harrold, 62 Mo. 516; Carter v. Arbuthnot, 62 Mo. 582; Sedalia National Bank v. Rudert, 153 Mo. App. 450, 134 S. W. 1056.] It appears from the return of the garnishee, Mexico Savings Bank, that it had money on deposit with it belonging to one of the defendants, Alfred H. Woodman, in the amount of $45. Such is sufficient to sustain the jurisdiction of the circuit court of Audrain county in the first instance.

But it is argued, even though all of the defendants owned property in Audrain county at the time, it was not competent for the court to require relators, as garnishees, residing in St. Louis, to come into that court and answer.

Section 2314, Revised Statutes 1909, provides that, when any defendant in attachment has property or effects in different counties, separate writs may issue

to every such county. Section 2311, prescribing the form of a writ in attachment, directs substantially that it may be levied upon the lands, tenements, goods, chattels, rights, moneys, credits, evidences of debt and effects of the defendant, and that the sheriff shall "summon as garnishees all persons in whose hands or possession any personal property, rights, credits, evidences of debt, effects or money of the defendant may be, or who may be named by the plaintiff or his attorney as garnishees."

Such is the only statute setting forth the form of the writ, and obviously it relates to a case such as this one, where the garnishee resides without the county in which the suit was instituted, as well as within it. In other words, if the writ authorizes the summoning of garnishees within the county and the attachment of moneys and credits in their hands, it authorizes the same when, under other provisions of the statutes, it is competent to send the writ into different counties. This appears to be true, for that section 2314 authorizes the issuance of a separate writ to another county when defendant has "property or effects in different counties." Although this section does not mention in terms money, credits, etc., these are included within the words "property or effects." The word property, it is said, is *nomen generalissimum* and extends to every species of valuable right and interest, including real and personal property, easements, franchises and other incorporeal hereditaments. [See 6 Words & Phrases; Wilson v. Beckwith, 140 Mo. 359, 41 S. W. 985; Lawrence v. Hennessy, 165 Mo. 659, 679, 65 S. W. 717.] Obviously the word "property" thus used in the statute includes money and credits. [See, also, Bouvier's Law Dictionary.] "The word 'effects,'" says Bouvier, "may be used to embrace every kind of property, real and personal, including things in action." It is clear enough that the court was author-

ized to send its writ to another county—that is, the city of St. Louis—to impound the moneys and credits in the hands of relators by summoning them as garnishee in the case. Section 2413, Revised Statute 1909 provides that "All persons shall be subject to garnishment, on attachment . . . who are named as garnishees in the writ, or have in their possession goods, moneys or effects of the defendant not actually seized by the officer, and all debtors of the defendant and such others as the plaintiff or his attorney shall direct to be summoned as garnishee."

But it is said, as the answer of the garnishee, Mexico Savings Bank, to the interrogatories filed discloses that it owed only one defendant—that is, Alfred H. Woodman—and that it did not owe any other defendant any amount of money and had no money, property or effects belonging to them under its control, that the jurisdiction of the circuit court of Audrain county may not be sustained against any of defendants save Woodman. Because of this it is argued there is no jurisdiction as to relators—garnishees of all of the defendants. Obviously this argument misconceives the statute (section 2314), which contemplates the case of several defendants who reside or have property in different counties and that also of a single defendant who has property or effects in different counties. In such case it is sufficient to sustain the jurisdiction as to all if property or effects of one defendant be found and attached to the county where the suit is brought. Then the property of one or all of the others may be attached elsewhere. [See Carter v. Arbuthnot, 62 Mo. 582; Monarch Co. v. Hutchison, 82 Mo. App. 603.] Such is sufficient alone to authorize the summoning of these relators as garnishees in another county, to the end of impounding such moneys or credits as they may have in their possession belonging to one, two, or all

of the defendants in attachment. In this connection, see Tinsley v. Savage, 50 Mo. 141.

But it is argued that the situs of the debt owing by relators to defendants in attachment and sought to be garnished here in no sense can be treated as within the jurisdiction of the Audrain County Circuit Court. Touching this it is said the situs of the debt, according to the law, follows its owner and is, therefore, reckoned in this instance to be in Canada, where the defendants in attachment reside. No doubt the proposition put forward is true, according to the fiction of the law, in some cases, but the Supreme Court has authoritatively determined that a debt has no situs when considered for the purpose of garnishment under the attachment laws. In other words, the fiction concerning the situs of the debt following the person of its owner yields to the necessities of the attachment statutes, to the end that they may be effectuated and the credits reached and impounded. [See Howland v. C. R. I. & P. R. Co., 134 Mo. 474, 36 S. W. 29.] See, also, Hardware & Mfg. Co. v. Lang, 127 Mo. 242, 29 S. W. 1010, where it was declared competent, though both the creditor and debtor resided in Missouri, to impound credits under garnishment proceedings in attachment in the State of Kansas.

We called attention to this doctrine in so far as it related to suits by attachment in Stoneware Co. v. Mineral Springs Co., 172 Mo. App. 696, 705, 155 S. W. 1083. However, the case last cited in nowise involved the identical question here in judgment. The question there under consideration related alone to a garnishment under execution. The statute (section 2414, R. S. 1909) provides that when a *fieri facias* is issued, as was done there, it shall be proceeded with in like effect as in attachments. Section 1752, Revised Statutes 1909, contemplates the institution of an attachment suit on the ground that property attached is found in

the county. The observations in the opinion in that case concerned these two sections of the statute when considered together in connection with the facts that there was but one defendant in that case and no property was attached in Pike county. Indeed, that was not an attachment suit, but the garnishment was on *fieri facias* after judgment, and the statute referred to the attachment law for procedure. It was argued that, as no property was found in the county where the judgment on which the execution issued was had, jurisdiction over the debt garnished in St. Louis did not obtain. In dealing with this—that is, in treating with the hypothesis of an attachment suit—it was pointed out that the situs of the debt was in Pike county, where the creditor resided; sufficient at least to authorize an attachment suit there, if one had been instituted on the ground that both plaintiff and defendant resided in that county, and the garnishee came with the *res* voluntarily into court. However the reasoning in that case may appear from another standpoint, we regard it as sound on the hypothesis there under review, considered in connection with the arguments advanced on the several sections of the statute referred to, when it is remembered there was but one defendant there and no *res* whatever in Pike county, where the suit was instituted. That the case was correctly decided in result at least, witness the Supreme Court's decision in Tinsley v. Savage, 50 Mo. 141.

It appears the circuit court of Audrain county in nowise exceeded its jurisdiction in summoning relators into court under the process above indicated and, therefore, the preliminary rule in prohibition should be vacated and the writ quashed. It is so ordered. *Reynolds, P. J.,* concurs and *Allen, J.,* concurs in the result.