PEARL McALISTER v. T. E. PRITCHARD, Appellant.

Division One, April 9, 1921.

CONVEYANCE: Reserving Life Estate: Testamentary. A deed of gift in the usual form of a general warranty deed in fee contained a clause declaring that the land should "remain the property of the grantor during the term of his natural life." This deed was immediately delivered and recorded. Held, that it did not operate a testamentary disposition of the land, but was a present conveyance in fee subject to the life estate only, and took effect immediately upon delivery. A subsequent deed from the same grantor passed his life estate, but nothing more.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker*, Judge.

AFFIRMED.

*Ely, Pankey & Ely* and *Orville Zimmerman* for appellant.

(1) The deed under which plaintiff claims did not convey any present vested interest in the real estate, was not to become effective until after the death of the grantor, and was, therefore, testamentary in character and void. Murphy v. Gabbard, 166 Mo. 596; Aldridge v. Aldridge, 202 Mo. 572; Griffin v. McIntosh, 176 Mo. 392; Goodale v. Evans, 263 Mo. 219.; Dawson v. Taylor, 214 S. W. 852; Hudspeth v. Grunke, 214 S. W. 867; 18 C. J. 149. (2) In arriving at the intention of the grantor, resort must be had to the actual language used in the deed which was, in the deed in question, as follows; "The above to remain the property of C. M. Pritchard during the term of his natural life." Asbaugh v. Asbaugh, 273 Mo. 353; McKinney v. Settles, 31 Mo. 541; Murphy v. Gabbard, 166 Mo. 602; Elsea v. Smith, 273 Mo. 396; Goodale v. Evans, 263 Mo. 219. (3) The intention of the grantor cannot be found to be contrary to the plain meaning of the language used. Goodale v. Evans, 263 Mo. 219; Asbaugh v. Asbaugh, 273 Mo. 353; Aldridge v. Aldridge, 202 Mo. 572. (4) The consideration named in the deed being "One Dollar and love and affection," the transaction was a gift, and the plain meaning of the words used in the deed is too clear for any interpretation other than that the conveyance was to operate as a gift only at the death of the grantor, and, not being in conformity with the Statute of Wills, the deed is void. Aldridge v. Aldridge, 202 Mo. 572; Belgrade v. Carter, 146 S. W. (Tex.) 964; Long v. Timms, 107 Mo. 512; Speed v. Railroad, 163 Mo. 111.

*McKay & Jones* for respondent.

The deed was clearly not testamentary, and could not be affected by the subsequent execution of the deed under which appellant claims. Wimpey v. Ledford, 177 S. W. 302; Wimpey v. Lawrence, 208 S. W. 54; Christ v. Kuehne, 172 Mo. 118; Dawson v. Taylor, 214 S. W. 852; Priest v. McFarland, 262 Mo. 238; 1 Dozer v. Toalson, 180 Mo. 552.

RAGLAND, C.—This is an action to determine the title to the northeast fourth of the southeast quarter of Section Twenty-five, in Township Twenty, north, of Range Nine east, in Dunklin County, and to recover the possession.

The pleadings are conventional. Whether plaintiff has the legal title to the land just described is the main issue; questions relating to the value of the rents and profits are incidental and not the subject of controversy on this appeal.

C. M. Pritchard is the common source of title. On November 16, 1911, he and his wife, for the expressed consideration of love and affection, executed and delivered a deed to Frances Bullock, a daughter of Pritchard by a former marriage, purporting to convey to her the land in controversy. The deed contained this language immediately following the description of the land: "The above to remain the property of C. M. Pritchard during the term of his natural life." In all other respects it followed exactly the form of general warranty deed in general use in this State. Frances Bullock promptly recorded her deed. She died July 2, 1916, leaving plaintiff as her sole heir.

C. M. Pritchard had three other children by the former marriage, and the defendant was one of them. At the time he gave the deed to his daughter Frances, he made and delivered a deed to each of the other three, conveying land to them severally. Each of the deeds was precisely like the one he gave Frances, except as to the name of the grantee and the description of the land. Two years later his wife brought suit for divorce, and pending the suit, May 1, 1913, he executed and delivered to the defendant a general warranty deed purporting to convey to him the land in question and other land. The deed recited a consideration of $6000. Pritchard died January 16, 1918, and this suit was commenced August 22nd next following.

The cause was tried without a jury. The trial court held that by his deed of November 16, 1911, Pritchard conveyed to Frances Bullock the land in fee, subject to an estate for his own life, which he therein reserved; and that by his deed of May 1, 1916, he conveyed that life estate to defendant. It accordingly gave judgment for plaintiff. Defendant appeals.

I. The sole contention of appellant is that the deed from Pritchard to his daughter Frances Bullock was testamentary in character and therefore revocable at pleasure during his lifetime; and that it was revoked by the subsequent deed to appellant. There is nothing in the form of the instrument, or in its wording, that remotely indicates that Pritchard though he was making a will; nor was there evidence of any extrinsic fact showing that it was his purpose to execute such an instrument. But it is insisted that it is immaterial that he called the instrument a deed and in fact thought it was such. This, because, as it is claimed, the language of the instrument shows that the grantor did not intend to pass to the grantee any present interest in the land; that it was his purpose to retain for the period of his life, not only the use and enjoyment, but the entire title—in other words, that it was his intention that the deed should not become operative until his death.

As showing that it was the grantor's intention that the deed should not take effect until after his death, appellant points to the clause, "The above (referring to the land) to remain the property of C. M. Pritchard during the term of his natural life." If that language were the sole indicia of the grantor's intention we might agree with appellant. But the first rule of construction with respct to either a deed or a will is to ascertain the intention of the grantor or testator from the four corners of the instrument, giving effect, if possible, to every part of it. There is another rule or maxim, sometimes overlooked, and it is this: a court will not be over zealous in tryng to find an intention that cannot be given effect without violating positive rules of law—it will, if possible,

so construe an instrument as to give it effect, not destroy it.

There are no express recitals in the instrument under consideration to the effect that it is not to take effect until after the death of the grantor, such as are found in the deeds under review in Murphy v. Gabbert, 166 Mo. 596, 601; Givens v. Ott, 222 Mo. 395, 411; and Terry v. Glover, 235 Mo. 544, 547. Nor does it contain any words of similar import. Eliminating the clause, "the above to remain the property of C. M. Pritchard during the term of his natural life," the remaining language of the deed and the conduct of the parties clearly and unequivocally show that it was the intention of the grantor that the deed should take effect as a present conveyance immediately upon its delivery. Is the clause just quoted repugnant to the remaining portions of the deed? or may it reasonably be given a construction that harmonizes with the other parts and by that means effect be given the whole?

Property is *nomen generalissimum,* and extends to every species of valuable right and interest. [6 Words and Phrases (1 series), 5693.] The meaning of "property" is frequently to be discovered from the context of the instrument in which it is used. [22 R. C. L. 37.] It cannot be presumed that the grantor (or his scrivener) used the term "property," as expressive of a metaphysical concept. He must have meant by the expression in which the word occurs, either that he was to continue to be the absolute owner of the land in fee with unlimited power of disposition, or that he merely reserved the right to continue in the possession, use and enjoyment of it during the remainder of his life. If given the first meaning, the expression is repugnant to everything else contained in the deed; if given the second, it is entirely consistent therewith. It seems clear, therefore, that the grantor intended the instrument to effect a present conveyance of the land, subject to his continued possession, use and enjoyment "during the term of his natural life." [Wimpey v. Ledford, 177 S. W. 302; Hudspeth v. Grumke, 214

S. W. C65.] This intention should not be defeated simply because it was awkwardly expressed by an unlearned scrivener.

The judgment of the circuit court is affirmed. *Small* and *Brown, CC.,* concur.

PER CURIAM :—The foregoing opinion of RAGLAND, C., is adopted as the opinion of the court. All of the judges concur, except *Elder, J.,* not sitting.