STATE OF MISSOURI AT THE RELATION OF WINIFRED REID, RELATOR, v. HON. PETER T. BARRETT, JUDGE OF DIVISION NO. 3 OF THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI, RESPONDENT.—118 S. W. (2d) 33.

St. Louis Court of Appeals. Opinion filed June 20, 1938.

*Robert C. Powell* for respondent.

*Watts & Gentry* for relator.

McCULLEN, J.—This is an original proceeding in this court in which relator seeks to prohibit respondent, as Judge of Division No.

3 of the Circuit Court of St. Louis County, Missouri, from proceeding further in a suit entitled "Mary Ross Ewald, Relator, v. Daniel B. Carroll, and Josephine Thomson, Guardian of the person and estate of Daniel B. Carroll, *non compos mentis*; Mary Jane Thomson and Josephine Thomson as individuals; Rowena C. Clarkson; Mimbres Valley Bank, a corporation; Winifred Reid, and Charles Turner, Respondents," from making any further orders in said cause or rendering any judgment or decree therein.

For the purpose of clarity, we shall hereafter refer to the parties to said suit in the circuit court as plaintiff and defendants instead of relator and respondents as they are designated therein.

It appears from the record herein that Mary Ross Ewald filed a petition in the Circuit Court of St. Louis County, Missouri, wherein she alleges that she is the owner of real estate located in the City of Kirkwood, St. Louis County, Missouri, and describes the same; that said property is encumbered by a deed of trust, duly recorded, to secure a certain note of the same date, to-wit, June 6, 1929, for $7500, but, before the institution of said suit, said note had been reduced to $7000. Said petition further alleges that said note had been extended on one or more occasions; that the last extension had expired and the note was due and unpaid; that, on June 6, 1935, said principal note, in the balance of $7000, and the deed of trust securing same were again extended for a period of one year by virtue of the fact that on said date said plaintiff executed and delivered to the then holder of said principal note and deed of trust two semiannual interest notes numbers 1 and 2, each in the sum of $210, due and payable six and twelve months after their date, respectively, both of said last extension interest notes and said principal note, according to their terms, being due and payable at the office of James D. Clarkson in the City of Kirkwood, Missouri; that said last extension interest note number 1, due December 6, 1935, has been paid.

The petition of plaintiff in said suit further alleges that defendant Daniel B. Carroll was duly adjudged a person of unsound mind; and that defendant Josephine Thomson was duly appointed as guardian of his person and estate and has demanded payment to her, as said guardian, of the balance of the proceeds of said note; that Josephine Thomson and defendant Mary Jane Thomson, as individuals, claim some interest in the proceeds of said note, the exact nature of which claim is unknown to said plaintiff; that said last extension interest note number 2 in the sum of $210 is in the possession of defendant Rowena C. Clarkson, a resident of City of Kirkwood, St. Louis County, Missouri, who demands payment thereof and claims to have some interest in the proceeds of said note, the exact nature of which claim is unknown to said plaintiff. It is conceded that this last-mentioned interest note has been paid by the consent of the parties.

The petition in said suit further alleges that defendant Mimbres Valley Bank, a corporation, of Deming, New Mexico, has made demand for payment of the balance of said principal note in the sum of $7000, with the information that said note has been left with said bank for payment; that said Mimbres Valley Bank represents defendants Winifred Reid and Charles Turner, who, together with said bank, make some claim to said note and to the proceeds of the balance thereof in the sum of $7000, the exact nature of which claim is unknown to said plaintiff. The petition of plaintiff in said suit further alleges that said Winifred Reid and Charles Turner are nonresidents of this State, being residents of the State of New Mexico; and that said Mimbres Valley Bank is a corporation of the State of New Mexico; and that said three defendants cannot be served in this State in the manner prescribed in Chapter V, Revised Statutes of Missouri, 1929.

The petition in said suit further states that plaintiff therein has no knowledge of the validity of and is not interested in the claim of either or any of such adverse interests to said note or notes, or the proceeds thereof; but that she is not able to determine either in law or in fact, and without hazard to herself, to whom or to either one of which claimants, if any, the amount thereof should be paid. She prays said court that she be permitted, ordered and directed to pay the amount thereof into court; and that thereupon she shall stand fully acquitted and discharged as against any and all claimants on account of said notes and deed of trust securing the same; and that thereupon said notes and deed of trust securing same, together with certificate of title and insurance, and any and all papers deposited therewith, be ordered the circuit court to be turned over and delivered to her as paid and satisfied; that the several defendants be ordered to interplead in said cause; and that said court determine and decree the rights and interest of each of the defendants named, and of anyone else who may see fit to make any claim to such funds.

The circuit court issued its summons addressed to the Sheriff of Sierra County, New Mexico, commanding him to summon Winifred Reid and Charles Turner to appear in the Circuit Court of St. Louis County at the next term of said court. At the beginning of said next term, Winifred Reid (relator herein) filed her plea to the jurisdiction of said court, appearing specially for that purpose only, alleging that she was not and is not subject to be sued in said court because, at the time of the filing of the said suit therein, and at the time of the issuance of said summons, and at the time of the service of said summons upon her, she was not a resident of the County of St. Louis, or of the said State of Missouri, and has at no time since then resided in said County or State, but was at said times and long had been a resident of the State of New Mexico and a citizen of said State; and was and long has been a nonresident of the State of Missouri; and did not, at the time of the filing of said plea, reside in said State of Missouri; that the

plaintiff's cause of action did not arise under any section of the statutes of the State of Missouri giving the Circuit Court of St. Louis County jurisdiction and authority to issue summons to a defendant residing in a foreign State; that said Winifred Reid was not in the State of Missouri, but was in the State of New Mexico when said summons was served upon her, and that said suit should abate as to her.

At the January term, 1937, of said Circuit Court, respondent herein, as Judge of said court overruled Winifred Reid's pleas to the jurisdiction. Winifred Reid took no rurther action in said circuit court, but, after the overruling of her plea to the jurisdiction, applied to this court for a writ of prohibition, setting forth in her petition for said writ the substance of the petition of plaintiff in said suit in the circuit court, and alleging the facts relating to said suit substantially as set forth herein. Copies of the petition of plaintiff in said circuit court suit, and of the various papers and orders therein, were also filed with relator's petition herein.

Our preliminary writ of prohibition was issued and service thereof was waived by respondent Judge, who, in due time, filed his return thereto.

Relator herein has filed a motion for judgment on the pleadings, stating that the return filed by respondent does not allege any matters which are sufficient in law to constitute a defense, and that upon the pleadings and the record relator herein is entitled to judgment.

A motion for judgment on the pleadings by a relator in a prohibition case concedes all the facts well pleaded in the return of the respondent. Of course, such motion does not concede or admit conclusions contained in the return. If the facts set out in each return show that the circuit court had jurisdiction of the cause and of the relator, the permanent writ of prohibition must be denied. [State ex rel. American Pigment & Chemical Co. v. Shields, 237 Mo. 329, 141 S. W. 585; State ex rel. L. J. Mueller Furnace Co. v. Buckner, 207 Mo. App. 48, 229 S. W. 393; State ex rel. George N. Warde et al. v. McQuillin, 262 Mo. 256, 171 S. W. 72.]

The return of the respondent Judge, after stating that he was and is Judge of the Circuit Court of St. Louis County, presiding in Division No. 3 thereof, admits all the material facts set forth in relator's application for the writ of prohibition herein with respect to the history of the institution and progress in said court of the suit by Mary Ewald, except that it is alleged in the return that the interest note referred to in the petition of relator has been paid by consent of the parties. The return further alleges that certain other defendants filed answers in said cause in the circuit court pending before respondent as Judge thereof, copies of such answers being attached to respondent's return as Exhibits 1 and 2, respectively. The return of respondent concludes by denying that he is without any jurisdiction in said interpleader

suit; denies that he is without any jurisdiction as to said defendant Winifred Reid; alleges that he has jurisdiction of said suit to hear, try, and determine the same; alleges his belief that there was rightfully and legally issued out of said circuit court its process of summons; that it was rightfully and legally served upon Winifred Reid in the State of New Mexico; and that said circuit court has jurisdiction over said defendant Winifred Reid.

It is unnecessary to discuss or determine whether or not the petition of Mary Ross Ewald in the circuit court states a cause of action, for, even though it be opened to a demurrer, that would be no ground for the issuance of a writ of prohibition if, under the law, that court has jurisdiction of the class of cases to which the suit of plaintiff therein belongs. [State ex rel. George N. Warde et al. v. McQuillin, 262 Mo. 256, 171 S. W. 72; State ex rel. Abel et al. v. Gates, 190 Mo. 540, 89 S. W. 881.]

It is true, as stated by relator, that the only authority in the statutes of this State for the service of a summons in a foreign State to bring a defendant within the jurisdiction of a circuit court in this State is in sections 739 and 748, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., secs. 739 and 748, pp. 959 and 971). Section 739 deals with the classes of cases wherein orders of publication may be made and published for the purpose of bringing within the jurisdiction of the court, among others, defendants who reside in another State. Section 748 provides that in any of the cases mentioned in section 739, the plaintiff may cause a copy of the petition, with a copy of the summons, to be delivered to each defendant residing or being without this State; and that such service may be made by any officer authorized by law to serve process within the State or territory where such service is made, and shall be proved by the affidavit of such officer, stating the time and manner of such service, made before the clerk or judge of the court of which affiant is an officer. Section 748, after further provisions for the manner of proving such service, then provides that services of process in conformity therewith shall be as effectual within the limits of this State as personal service within this State.

The classes of cases provided for in Section 739 and referred to in Section 748 are as follows: Suits in partition, divorce, attachment, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens and all other liens against either real or personal property, and "all actions at law or in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court." It is, of course, obvious that the suit brought by Mary Ross Ewald in the circuit court was not one for partition, divorce, or attachment, and was not for the foreclosure of any mortgage or deed of trust, nor for the enforcement of a mechanic's lien, or other lien against the property described

in the petition in said suit. The question, therefore, to be determined is whether or not the suit in the circuit court is an "action at law or in equity, having for its immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court." Although the petition of plaintiff in the circuit court is entitled "Petition in Interpleader," we are of the opinion that it is a bill in the nature of an interpleader instead of a bill of interpleader. The suit, therefore, is one addressed to the equitable jurisdiction of the circuit court.

A bill in the nature of a bill of interpleader is one in which the complainant seeks some relief of an equitable nature concerning the fund, or other subject-matter, in dispute in addition to the interpleader of conflicting claimants. The complainant is not required, as in strict interpleader, to be an indifferent stakeholder without interest in the subject-matter. [Pomeroy's Eq. Jur. (4 Ed.), sec. 1481, p. 3492; 33 C. J., sec. 6, p. 423; Illingworth v. Rowe et al., 52 N. J. Eq. 360, 28 Atl. 456.]

Relator contends that the suit in the circuit court was not one at law or in equity having for its immediate object the enforcement or the establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of that court, and therefore the attempted service upon relator in the State of New Mexico was wholly void and conferred no jurisdiction upon the circuit court of St. Louis County over the person of relator.

Respondent contends that the circuit court had and has jurisdiction of relator in the case pending in said court, first, because relator in her plea to the jurisdiction, notwithstanding her reservation therein, went too far and thereby entered a general appearance; second, because the service of summons in the case in the circuit court upon relator in New Mexico was authorized under Sections 739 and 748, Revised Statutes Missouri, 1929 (Mo. Stat. Ann., secs. 739 and 748, pp. 959 and 971).

We have come to the conclusion that the St. Louis County Circuit Court acquired jurisdiction of relator, as a defendant in the suit in that court, by personal service upon her in the State of New Mexico under Sections 739 and 748, Revised Statutes Missouri, 1929, and therefore deem it unnecessary to say whether or not the plea to the jurisdiction of relator, as defendant in the circuit court, amounted to a general appearance.

It appears from the petition in the circuit court suit that the notes involved therein are due and payable in Kirkwood, St. Louis County, Missouri. There can be no doubt that plaintiff in that suit, as the maker of said notes, has the right to pay them in St. Louis County. The very terms of the notes specifically give her that right. Such a right is a property right which plaintiff in said suit is entitled to assert in said county wherein said circuit court has jurisdiction.

In State ex rel. v. Barnett, 193 Mo. App. 36, 42, 180 S. W. 458, 460, the court held that a right is property, by saying:

"The word 'property' . . . is *nomen generalissimum*, and extends to every species of valuable right and interest, including real and personal property, easement, franchises, and other incorporeal hereditaments."

In Ludlow-Saylor Wire Co. v. Wollbrinck, 275 Mo. 339, 352, 205 S. W. 196, 198, the court said:

"In law and in the broadest sense 'property' means 'a thing owned,' and is, therefore, applicable to whatever is the subject of legal ownership. It is divisible into different species of property, including physical things, such as lands, goods, money; intangible things, such as franchises, patent rights, copyrights, trade-marks, trade-names, business good will, rights of action, etc. In short it embraces anything and everything which may belong to a man and in the ownership of which he has a right to be protected by law."

In McAlister v. Pritchard, 287 Mo. 494, 230 S. W. 66, 67, the court said: "Property is *nomen generalissimum* and extends to every species of valuable right and interest." See also Farrar v. American Express Co. (Mo. App.), 219 S. W. 989, wherein this court, following the case of State ex rel. v. Barnett, *supra*, held that the word "property" in its broadest sense "is *nomen generalissimum* extending to every species of valuable right or interest."

Smith v. Pilot Mining Co., 47 Mo. App. 409, was a suit in equity brought to compel the defendant corporation, by mandatory injunction, to place the name of the plaintiff therein on its stock book as the owner of certain shares of stock which had been purchased by said plaintiff at a sale under execution against another defendant in said suit named Lonergan, and to issue to plaintiff certificates of stock. Upon an affidavit showing the nonresidence of Lonergan, the court ordered him to be brought in by publication, which was done, and he not appearing, the court entered judgment by default against him. Thereafter, at the same term of court, Lonergan put in a special appearance by counsel, and moved to set aside the default, alleging that he had not been properly served, and that the case was not one in which service by publication is authorized. The court sustained Lonergan's motion and dismissed plaintiff's petition as to him. Other errors in the case were discussed by the court, but, with respect to the service on Lonergan, the court was called upon to construe the same portion of the statute which is involved in the case at bar, wherein service in another statute is authorized "in all actions at law or in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court." This court, in reversing and remanding the judgment of the trial court, held that the defendant Lonergan could be properly served by

publication; that the right to vote stock is a franchise; and that such a franchise is property.

It is true there were other elements in the Smith case, *supra*, which contributed to the court's decision, for it appeared that the corporation was organized under the laws of another State, and had no place of business in such other State, its only place of business being in Missouri; and the court held that the *situs* of the stock involved was in the Missouri office of the corporation where it kept its corporate books, it having no office anywhere else. Nevertheless, such other elements do not affect the applicability to the case at bar of the principle announced in the court's holding namely, that the *right* to vote the stock was a franchise and that such franchise was *property within this State.*

In Mitchner v. Holmes 117 Mo. 185, 22 S. W. 1070, which was a suit in equity to remove an apparent cloud on the title to land appellants therein contended that service on four nonresident defendants was not good. The statutes now under consideration in the case at bar were involved in that case. Answering the objections of the appellants therein, the Supreme Court said:

"James H. Lucas had married one of Journey's daughters, who had since died, leaving three children. Lucas and these children were nonresidents, and they were served by publication and process outside of this State. The objection was narrowed to these four, and it was asserted the service was not good. No authorities are cited to sustain this contention. It is simply assumed that the action is one to quiet title under section 2092 of Revised Statutes 1889.

"An examination of the petition very clearly shows that it was a bill in equity to remove an apparent cloud on the title and not a statutory proceeding to quiet title. This action being a suit in equity to establish a right to property within the jurisdiction of the circuit court of Jackson county, and the defendants being nonresidents, it was competent to serve them by publication, and we see and are furnished with no reason why those proceedings are not binding on James H. Lucas and his children, who were thus notified as to this land." [Mitchner v. Holmes, 117 Mo. 185, 212, 22 S. W. (2d) 1070, 1077.]

In Freeland v. Wilson, 18 Mo. 380, the administrator of the estate of Freeland filed a petition in the nature of a bill of interpleader against Robert J. Wilson and Martha Ann Wilson, who claimed to be two of the distributees of said estate. The administrator alleged that he had been ordered by the Calloway county court (then having probate jurisdiction) to pay to the distributees of said estate, the heirs and legal representatives of Freeland, a certain specified sum; that he had complied with the order so far as it was safe for him to do so; that he had paid to defendant Robert J. Wilson one-half of the sum that was due to the heirs of Joseph J. Wilson, deceased; that the other half was claimed by Martha Ann Wilson as a child of

said Joseph J. Wilson by his second marriage; that the said Robert J. Wilson was claiming the whole amount of said sum on the ground that the second marriage of Joseph J., was illegal and void. The trial court dismissed the suit, assigning as a reason that it had no jurisdiction, the defendants being nonresidents. The administrator appealed. The Supreme Court stated in its opinion that the case had not been presented in such a manner as to enable the court to determine whether or not the mode for obtaining relief adopted by appellant was applicable. At the conclusion of its opinion, the court said:

"If a fund is in the hands of an agent of our law, which is claimed by two non-residents, and one of them makes a demand in this State on the agent, *under circumstances otherwise appropriate,* we see no objection to a bill of interpleader, or a proceeding of that nature by the agent, for the purpose of compelling the claimants to litigate their rights. In such a proceeding, upon a decree against a non-resident, on notice by publication only, or by service beyond the limits of the State, he would, under the statute regulating the proceedings in chancery, (Art. 6) have an opportunity of contesting the validity on the merits." [Freeland v. Wilson, 18 Mo. 380, 382.] (Italics ours.)

It is true, as contended by relator in the case at bar, that in the Freeland case, *supra,* the Supreme Court affirmed the decree of the circuit court which had dismissed the suit on the ground that it had no jurisdiction because the defendants were nonresidents. We believe, however, that the affirmance of the trial court's judgment of dismissal does not militate against the soundness of the Supreme Court's view, as quoted above, in a case where, as in the case at bar, the circumstances for the bringing of a bill in the nature of interpleader are "appropriate." By bringing her action in the Circuit Court of St. Louis County, plaintiff in said case is seeking to have enforced her right to have a deed of trust on her property in that county cancelled upon the payment by her into court of the money due on the note. The land is in that county, and the note is payable in that county. She not only asks in her petition that the claimants to the proceeds of the note be required to interplead, but goes farther and asks for affirmative relief by asking that, upon her payment of the note, she stand acquitted and discharged as against all claimants on account of said note and deed of trust securing the same; and that said note and deed of trust, together with the certificate of title and insurance, and any and all papers deposited therein, in whosoever's possession they may be, shall be by the court ordered and directed to be turned over to said plaintiff as *paid and satisfied.* One of the immediate objects of said suit is the establishment and enforcement of the right of plaintiff therein to the removal of the cloud of the deed of trust from the real estate described, by the cancellation of the note and deed of trust.

The Legislature, after specifically naming the various classes of cases in which service of notice by publication and by an officer in another State is authorized, used very broad language to cover other cases, for it provided for the same kind of service of notice ''in all actions at law or in equity which have for their immediate object the enforcement or establishment of any lawful right, claim, or demand to or against any real or personal property within the jurisdiction of the court.'' We believe it was the intention of the Legislature, by the use of such broad language, to provide for just such a situation as we have in the case at bar.

It is argued in relator's brief that, if the owner of the real estate will pay relator, the note will be cancelled and the deed of trust will be satisfied in the usual course of business without the intervention of a court of equity. We cannot indulge the assumption that the difficulties which beset said real estate owner in her efforts to satisfy the various rival claimants can be overcome in so simple a manner. Such procedure might satisfy relator, but we cannot say that it would satisfy the other claimants whose claims to the fund may appear to them as clear and sound as relator's claims seem to her to be. A trial in the circuit court will afford to all parties an opportunity to be heard on the merits of their claims.

Our preliminary writ having accomplished the purpose of bringing the matter before this court, and our examination of the record having led us to the conclusion that the circuit court had and has jurisdiction of the cause mentioned, as well as jurisdiction of relator herein, relator's motion for judgment on the pleadings is overruled, and our preliminary writ should be and is quashed. *Hostetter, P. J.,* and *Becker, J.,* concur.