J. & J. Graham v. Bradbury & Schaeffer.

1. An attachment cannot be quashed on the ground that the facts do not authorise the issuing of an attachment. If the truth of the facts, on which it is issued is controverted, it must be put in issue by a plea in the nature of a plea in abatement.
2. The remedy by attachment is not confined to resident creditors.

Error to the St. Louis Circuit Court.

*C. D. Drake for Plaintiff.*

The reasons assigned by the defendant for quashing the attachment are :

1st. That the claims sued on are debts contracted out of this State, and the affidavit does not show that the debtors, or either of them, absconded or secretly removed their property or effects to this State with intent to defraud, defeat, hinder, or delay their creditors, as required by the statute.

2d. That the plaintiffs and defendants are both non-residents of the state of Missouri, and are both residents of the city of Cincinnati, in the State of Ohio, and as such the affidavit is insufficient, in merely alleging the non-residence of the defendants, to support an attachment in this State.

As to the first reason. The reason is insufficient to quash the attachment, because the ground for obtaining the attachment, laid in the affidavit, is in itself sufficient, without requiring the plaintiffs to set forth also another ground, which the law recognizes as one upon which an attachment may properly issue. The plaintiffs in their affidavit allege the non-residence of the defendants, which is enough for an attachment to issue. The defendants seek to quash the attachment because the plaintiffs do not either go further, and swear that the defendants absconded from Ohio, or take a ground different from that which in the affidavit they saw fit to assume. This proposition by itself would be absurd, but it goes upon the assumption that the debts were contracted out of this State, of which the bill of exceptions shows there was no evidence.

As to the second reason. Here also it is assumed that the plaintiffs are not residents of this State, and therefore cannot sustain an action by attachment against non-residents.

SEPT'R TERM, There was no evidence of these facts before the court, and
1841.
even if there was, it is no reason why the attachment should
Graham ·    be quashed, as one non-resident may sue another by attach-
v.
Bradbury and ment in this State.   Posey v. Buckner, 3 Mo. R. 604.
Schaeffer.

*Opinion of the Court by Scott, Judge.*

The plaintiffs in error sued the defendants in error by at-
tachment, in October, 1839.   The attachment was sued out
on an affidavit, in which it was alleged that the defendants
were not residents of, nor residing in this State.   The affi-
davit was made in the State of Ohio, and some nine or ten
days before the writ issued.   The bond for the attachment
was executed in this State, and the note sued on is dated
Cincinnati.

On the return of the writ the defendants moved the court
to quash it, because the claims sued on were debts contract-
ed out of the State, and the affidavit does not show that the
debtors, or either of them absconded, or secretly removed
their property or effects to this State, with intent to defraud,
defeat, hinder, or delay their creditors; that the plaintiffs
and defendants are both non-residents of this State, and are
residents of the city of Cincinnati, in the State of Ohio.
The court below quashed the attachment, and the cause is
brought here by writ of error.   The statute of 1839, con-
cerning attachments, prescribes the manner in which defend-
ants shall defeat attachments, when the facts on which they
are sued out are false.

An attach-        An attachment may be quashed when it is issued on such
ment cannot a state of facts as does not authorise the issuing of the writ.
be quashed on
the ground  It is not pretended that the affidavit in this case is not suffi-
that the facts cient to support the attachment.   If the truth of the facts
do not autho-
rise the issu- on which it is issued is controverted, it must be put in issue
ing of an at-
tachment.  If by a plea in the nature of a plea in abatement.   Section 11,
the truth of of the act of 1839.
the facts on
which it is is-      The remedy by attachment is not confined to resident cre-
sued is con-  ditors.   If the objection to this proceeding could have been
troverted, it
must be put taken in the mode adopted by the defendants, yet there was
in issue by a
plea in the no evidence that the plaintiffs were non-residents.   The facts

that the affidavit in Ohio, and the note was dated at Cincinnati, are not sufficient evidence to show that the plaintiffs are non-residents. As to the objection that there was an interval of nine or ten days betwixt the making of the affidavit and the issuing of the writ, the state of the facts might have changed during the interval. The party must take advantage of it by plea; the plea would have put in issue the truth of the affidavit at the time of the issuing of the writ. Some time must necessarily in many cases intervene between the making of the affidavit and the issuing of the writ. Judgment reversed.

SEPT'R TERM, 1841.

Graham
v.
Bradbury and Schaeffer.

nature of a plea in abatement.
The remedy by attachment is not confined to resident creditors.