MONARCH RUBBER COMPANY, Respondent, v. J. W.
   BUNN, Defendant; G. W. HUTCHISON, Inter-
   pleader, Appellant.

### Kansas City Court of Appeals, February 5, 1900.

1. **Attachment: JURISDICTION: WRIT TO NEIGHBORING COUN-
   TIES.** Where the defendant in an attachment suit is not a resident
   of the county in which suit is brought the court has no jurisdiction
   to send its writ to a neighboring county unless property is found
   and attached in the county where suit is instituted.

2. **Bill of Exceptions: EVIDENCE: SHERIFF'S RETURN.** A sher-
   iff's return can only get into the record in another case by being
   offered in evidence and being preserved in the bill of exceptions.

3. ————: **INTERPLEA: JURISDICTION: PRESUMPTION.** An in-
   terplea in an attachment case is in the nature of an independent
   action and its records are to be evidenced and treated separately
   from the main case and the circuit court will be presumed to have
   jurisdiction of goods seized in neighboring county unless the record
   shows to the contrary.

4. **Possession: TRESPASSER: INSTRUCTION: JURISDICTION.** An
   instruction that bare possession of personal property will warrant a
   verdict against a sheriff's levy under an attachment writ, is im-
   proper where the court issuing the writ has jurisdiction.

Appeal from the Vernon Circuit Court.—*Hon. H. C.
                  Timmonds,* Judge.

AFFIRMED.

*M. T. January* and *J. B. Johnson* for appellant.

(1)   Suits by attachment must be brought in the county
where the property of defendant is found.   R. S. 1889, sec.
2010.   (2)   When property of the defendant has been at-
tached in the county where suit is brought, other writs may
then be sent to other counties; but not until then.   R. S.
1889, sec. 541   (3)   Defendant Bunn, being a nonresident

of Vernon county, the circuit court of Vernon county acquired no jurisdiction over him, by service on him in Cedar county, nor over the property attached in Cedar county by the sheriff of that county under a writ issued to him by the clerk of the Vernon circuit court, unless property of the defendant was found in Vernon county and taken by the sheriff of that county under a writ issued to him. Newton v. Strang, 48 Mo. App. 538. (4) The return of the sheriff of Vernon county on his writ of attachment shows a seizure of property, but does not allege it to be Bunn's property or that he had any interest therein. This is not sufficient to confer jurisdiction to issue a writ to Cedar county to attach property located there. Anderson v. Scott, 2 Mo. 15;. Newton v. Strang, 48 Mo. App. 538; Repine v. McPherson, 2 Kan. 340. (5) Possession alone is sufficient to prevail over the lien of an attachment under a void writ. Grocery Co. v. Shackelford, 56 Mo. App. 642; Friar v. McGuire, 70 Mo. App. 581. (6) The court therefore erred in refusing instruction number 2.

*Chas. E. Gilbert* and *Scott & Bowker* for respondent.

(1) To constitute a valid levy under a writ of attachment, under the present statute, all that is necessary is that the officer take the property into his custody and possession under and by virtue of the writ. R. S. 1889, sec. 541. (2) The rule that in replevin the officer must show all the prerequisites for the issuance of the writ, does not apply to a case where the pretended vendees' title is fraudulent. In such case it is only necessary to show a writ in proper form from the proper source. Clarke v. Laird, 60 Mo. App. 289. (3) The records and filings in the attachment suit proper, constitute no part of the record in the interplea suit, and the only way that such filings can be gotten in the record in the case of the interplea is to introduce them in testimony and incorporate them in a bill of exceptions. Crow v. Stevens, 44 Mo. App. 137; Brennan v. O'Driscoll, 33 Mo. 372; Wolff v. Vette, 17

Mo. App. 36; Giett v. McGannon, 74 Mo. App. 209. (4) In an action of interplea the only question in issue is the ownership of the attached property. Beck v. Wisely, 63 Mo. App. 239; Brownwell v. Colbern, 139 Mo. 142; Rubber Co. v. Bunn, 78 Mo. App. 55. (5) Nothing will be presumed to be outside the jurisdiction of a court of general jurisdiction except it be made to affirmatively appear. Hamer v. Cook, 118 Mo. 476; McClannahan v. West, 100 Mo. 309.

GILL, J.—The Monarch Rubber Company brought an attachment suit in the Vernon circuit court against defendant Bunn—writs being issued to Vernon county and to Cedar county where said Bunn resided. Under the writ to Cedar county the sheriff levied on certain goods therein as the property of Bunn. Subsequently, Hutchison filed his interplea claiming the goods attached in Cedar county. On the trial of the issues formed by plaintiff's answer to the interplea, it is conceded that the evidence tended to prove that Hutchison's alleged purchase of the goods from Bunn was merely colorable, and was made with the intent to hinder, delay and defraud Bunn's creditors, among whom was the Monarch Rubber Company.

There was a verdict and judgment for the plaintiff, and against the interpleader, and the latter appealed.

1. The sole question on this appeal is one of jurisdiction. Counsel for interpleader claim that there was some evidence that at the time the goods in controversy were levied on, said interpleader was in the actual possession thereof. It is also claimed that under the writ of attachment issued to Vernon county no property of the defendant Bunn was there seized, and hence the writ to Cedar county was without authority and void. On this assumption the interpleader asked, but the trial judge refused the following instruction: "If the jury believe from the evidence that interpleader Hutchison was in possession of the stock of goods in controversy at the

time the attachment was levied by the sheriff of Cedar county, the verdict should be for the interpleader."

The theory of this instruction is, that bare possession of personal property is sufficient to resist the claim of one clothed with no right whatever.

Interpleader's counsel are clearly correct in the contention that the circuit court of Vernon county had no authority to issue a writ of attachment to Cedar county, unless property of the defendant was found and attached in said Vernon county. The defendant resided in Cedar county, was served there and never appeared in any way to the action. The only way then that the Vernon county court could acquire jurisdiction to issue a writ of attachment to Cedar county was by attaching property of the defendant found in Vernon county. R. S. 1889, sections 541 and 2010.

2. In this case however we are not legally informed as to whether or not the property of the defendant Bunn was attached under the writ issued to Vernon county. We assert this in face of the fact that interpleader's counsel, in their statement of the case, attempt to copy what is termed the sheriff's return on the Vernon county writ. It does not appear that said writ and return were ever introduced in evidence in the trial of the interplea; the bill of exceptions contains no such matter, and it therefore comprises no part of the record here for review.

3. It is well settled that an interplea is in the nature of an independent action and its records are to be evidenced and treated separately from the main case. Wolff v. Vette, 17 Mo. App. 36; Crow H. & Co. v. Stevens, 44 Mo. App. 137. In the absence then of a showing to the contrary, we must assume that property of the defendant Bunn was seized and attached under the Vernon county writ. The court there being one of general jurisdiction every presumption in its favor will be indulged. Gates v. Tusten, 89 Mo. 13.

4. The jurisdiction then of the circuit court of Vernon

county being conceded, its writ of attachment to Cedar county must be treated as valid, and the sheriff then was not a mere trespasser while levying on property found to belong to the defendant Bunn.

It results then that the judgment of the lower court must be affirmed. All concur.