LEWIS J. RITSCHY, Respondent, v. WILLIAM L. GARRELS, Appellant.

St Louis Court of Appeals, July 5, 1916.

1. **LIBEL AND SLANDER:** Qualified Privilege. In an action for libel, the defense of qualified privilege is not available to defendant, who published a libelous affidavit defending his father's character, although the latter had been assailed by plaintiff.

2. ———: Evidence: Admissibility of Entire Publication. Where an action for libel is based upon part of an affidavit, defendant may

introduce its remaining portions, to explain the paragraphs direct-
ly involved, to show the motive and intent of publication, and to
mitigate the damages.

3. **APPELLATE PRACTICE: Libel and Slander: Failure to Introduce
Entire Publication: Harmless Error.** In an action for libel, based
upon a part of an affidavit, the failure of the court to require plain-
tiff to introduce the entire affidavit, or the pamphlet in which it
was published, was not reversible error, under sec. 2082, R. S. 1909,
forbidding reversals except for material errors, where the remain-
ing matter was immaterial and defendant did not offer it.

4. **VERDICT: Trial by Eleven Jurors: Verdict Signed by Foreman.**
Sec. 7280, R. S. 1909, requiring all agreeing jurors to sign the
verdict, unless it be rendered by the entire panel, when the foreman
alone may sign it, refers to a three-fourths verdict authorized by the
Constitution, and is inapplicable to a verdict returned by eleven
jurors under a stipulation that the case should proceed as though
there were twelve jurors, and hence, under such circumstances,
where the eleven jurors concur, a verdict signed by one of their
number as foreman is valid.

5. **LIBEL AND SLANDER: Instructions.** In an action for libel, *held*
that the court did not err in giving instructions for plaintiff nor
in refusing instructions requested by defendant.

Appeal from St. Louis City Circuit Court.—*Hon. Eu-
gene McQuillin*, Judge.

AFFIRMED.

*T. Percy Carr* for appellant.

(1) Every man has a right to defend his character
against false aspersion; communications made in fair
self-defense are therefore privileged. Odgers on Libel
and Slander (5 Ed.), pp. 291-292; Laughton v. Sodor
and Man, L. R. 4 P. C. 495, 504; O'Donoghue v. Hussey,
Ir. R. 5 C. L. 124; Brewer v. Chase, 121 Mich. 526, 46
L. R. A. 397; Fish v. Printing & Publishing Co., 102
Mo. App. 6; O'Connor v. Sill, 60 Mich. 175; Holmes v.
Clisby, 121 Ga. 241, 104 Am. St. 103; Sheftall v. Rail-
road, 123 Ga. 580; Mielly v. Saule, 49 La. 800; Shep-
herd v. Baer, 96 Md. 152; Smurthwaite v. News Pub.
Co., 124 Mich. 377; Railroad v. Floore, 42 S. W. 607;
Chaffin v. Lynch, 83 Va. 106; Easley v. Moss, 9 Ala.

266; Rice v. Simmons, 2 Har. 309, 31 Am. Dec. 766; Myers v. Kaichen, 75 Mich. 272; Newell on Libel and Slander, p. 519, sec. 120; Townsend on Slander and Libel, sec. 240. (2) It was error to permit plaintiff to read in evidence only the alleged libelous excerpts without reading the whole publication. The defendant is entitled to have the whole of the alleged libel read as part of the plaintiff's case. Odgers on Libel and Slander (5 Ed.), p. 114; ibid. p. 678; Newell on Libel and Slander, p. 760; 25 Cyc. 357; 18 Halsbury's Laws of Eng., pp. 644-655, Article on Libel and Slander, sec. 1200; Cooke v. Hughes, R. & M. 112; Commonwealth v. Snelling, 32 Mass. 337. The whole article is to be read and considered together. St. James Military Academy v. Guser, 125 Mo. 526; Morehead v. Jones, 36 Am. Dec. 601, 2 B. Monroe 210. (3) It was error in instructing the jury to dwell strongly upon matter in aggravation of punitive damages and to entirely ignore the elements of mitigation. Callahan v. Ingrahm, 122 Mo. 355, 373-375. (4) The verdict is erroneous on its face, not being the verdict of the entire panel, and not being signed by all the jurors agreeing to it, in accordance with the statute. Revised Statutes, 1909, sec. 7280; Gerdner v. Bryan, 94 Mo. App. 27; Marshall v. Armstrong, 105 Mo. App. 234.

*W. B. & Ford W. Thompson* for respondent.

NORTONI, J.—This is a suit for damagess on account of a libel. Plaintiff recovered and defendant prosecutes the appeal.

Defendant made and caused to be printed and published, about December 28, 1910, an affidavit which, through some of the statements therein, cast a reflection upon plaintiff, and hence this suit. The affidavit so made and published by defendant refers to "lying affidavits" made by plaintiff, that is, as if to charge plaintiff with having made lying affidavits. The affidavit of defendant also refers to plaintiff Ritschy as one who would readily "play the crooked game, etc."

The petition prays a recovery of $10,000 compen-. satory damages and also the same amount in punitive damages. It appears to have been drafted as in two counts, but the court treated with the averments as though both related to the same grievance. The actual damages claimed are because of the publication of the libel on December 28, while what appears to be the second count claims punitive damages on account of a libel said to have been published on December 19 of the same year. It is argued that, as the publication of each libel is a separate tort, no recovery whatever may be had as for punitive damages on account of a libel published as of that date; but obviously the argument is not well grounded, for it appears from an examination of the record that the petition was amended so as to show the punitive damages were claimed on account of a libel of December 28—that is, the same libel for which compensatory damages are claimed in the preceding paragraph of the petition. Therefore, both the compensatory damages and the punitive damages sued for relate to the same and identical publication—that is, that made on December 28. It is said the date December 19 was inadvertently inserted as a clerical error. That the petition was amended during the proceedings as above indicated, in order to make it conform to the proof, is abundantly clear from the record.

It appears that defendant's father, who was president of the Franklin Bank in St. Louis, became involved in some litigation in New Mexico over the sale of certain collateral securities held by the bank. In a proceeding to set this sale aside, plaintiff made an affidavit which was utilized in court, and the substance of plaintiff's affidavit was published in St. Louis, in connection with the court proceedings. Defendant's father thereupon set about accumulating certain facts with respect to the subject-matter, to be published in a pamphlet and issued by him to business associates and others in explanation of his conduct touching the sale. Defendant

made an affidavit in respect of this matter and caused it to be printed and published in the pamphlet prepared by his father. In other words, defendant aided his father in the preparation of the pamphlet and admits in his testimony that he caused the affidavit so made by him to be printed and published at the time in question. The libel sued on relates alone to the language employed by defendant in the affidavit made and published by him in aid of his father's defense. Among other things, defendant invoked throughout the trial a qualified privilege in respect of this matter—that is to say, that he was merely defending his father. The court excluded this defense by repeated rulings and refused instructions predicated on. that theory, in the view that, though defendant's father might make a defense against charges made by plaintiff against him, defendant was not privileged to do so in defense of another. It is argued the court erred in this view, but we are not so persuaded. It is said:

"The law justifies a man in repelling a defamatory charge by a denial or by an explanation. He has a qualified privilege to answer the charge, and if he does so in good faith, and what he publishes is fairly an answer, and is published for the purpose of repelling the charge and not with malice, it is privileged, although it be false. But the privilege under this rule is limited to retorts or answers which are necessary to the defense or fairly arise out of the charges made, and hence if the defamatory matter published by defendant is not a proper reply to the matter published by plaintiff which provoked its publication, it will be actionable irrespective of the question of malice." [25 Cyc. 391, 392.]

See, also, Fish v. St .Louis County Printing & Publishing Co., 102 Mo. App. 6, 74 S. W. 641.

But though defendant's father may have been justified in publishing a retort in defense against the aspersions against his ·character contained in plaintiff's affidavit filed in the litigation in New Mexico, we perceive no reason why the principle should extend to the case in hand, which is that of a libel prepared, printed

and published by defendant.  No authority is cited, and
we are aware of none, which extends the privilege in-
voked to the case of the son, who the jury found made
a libelous attack on plaintiff.  Obviously though the fa-
ther were justified, the defendant who prepared and
published the libel must respond for the falsity of the
accusations made by him, if he sees fit to personally
print and publish them as he did.  There is certainly no
self-defense in the case, in so far as defendant is con-
cerned.

The pamphlet in which the libel was carried is
printed in fifty-nine pages, and plaintiff introduced in
evidence only a portion of that prepared and published
by defendant, which contained the published matter com-
plained of.  It is argued the court erred in not requiring
plaintiff to introduce the entire pamphlet, with all of its
pages, and especially the entire affidavit printed and
published by defendant.  There is no doubt that defend-
ant was entitled to have the entire affidavit prepared and
published by him read in evidence, to explain the para-
graphs upon which the suit is founded, and to show the
motive and intent of the publication, and to mitigate
damages, if he chose to do so.  [See Morehead v. Jones,
36 Am. Dec. 600.]  But though such be true, we are for-
bidden by the statute (section 2082, R. S. 1909) from re-
versing a judgment except for error materially affect-
ing the merits of the action against the appellant, and
this statute is to be adhered to according to its spirit.
[See Shinn v. United Rys. Co., 248 Mo. 173, 154 S. W.
103.]  On reading the entire article prepared and pub-
lished by defendant, it appears plaintiff introduced so
much as was immediately relevant to the libel com-
plained of and defendant did not see fit to read the re-
mainder in evidence, either at that time, or subsequently,
when putting in his defense.  The court did not deny
defendant's right to have the entire article before the
jury and defendant should be regarded as having
waived the matter.  At any rate, there is nothing in the
portions of the article not read which would either tend
to explain or mitigate the charges complained of.  The

judgment ought not to be reversed for the mere failure of plaintiff to read immaterial matter to the jury, when the defendant did not deem it of sufficient importance to even offer it in evidence.

It is argued the verdict is erroneous for that it was signed by but one juror as the foreman, when the record discloses only eleven members of the jury participated therein. Obviously this argument is without merit when the facts on which it is founded are considered. It appears that, during the trial, one of the jurors became ill and was excused by consent of the parties In connection with this the parties stipulated and agreed, "That the case may proceed with eleven jurors the same as with twelve." Prior to the adoption of our constitutional amendment authorizing three-fourths of the members of a jury to return a verdict in a court of record on the trial of a civil cause, the concurrence of the full panel was required. After the adoption of the amendment referred to, the Legislature provided that if a verdict be rendered by the entire panel, the foreman alone may sign it, but if rendered by a less number than the panel, such verdict shall be signed by all of the jurors who agree to it. [Section 7280, R. S. 1909.] This statute reckons with and contemplates the matter of carrying into effect the amendment to the Constitution authorizing a three-fourths verdict, and is not designed to control a situation such as this, where one of the jurors is excused by consent of parties and it is stipulated that the case shall proceed as if twelve jurors continued to act throughout the trial. It would, indeed, be not only highly technical but unjust as well to thwart the result of the trial and set aside the verdict, which appears to have been unanimous, when considered under the stipulation solemnly entered into of record by the parties to continue with the trial as if a jury of twelve men were in the box. The substance of the stipulation is, "That the case may proceed with eleven jurors the same as with twelve." If twelve were present, the signing of the verdict by one juror as the foreman was the proper course to pursue. The parties treated the eleven jurors

as a full panel of twelve and should be held to account accordingly.

We see no error in the instructions given and none in the action of the court in refusing those denied by defendant. All competent matters of defense were submitted by the instructions given on the part of defendant.

There are some thirty assignments of error set forth in the brief, but due regard to expedition of the public business forbids that they should all be separately discussed in the opinion. However, we have treated with the more important arguments advanced and considered all of those put forward in connection with the entire record. We see nothing further which merits discussion, and it appears the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.