## WILLIAM A. BUDDECKE, Respondent, v. WILLIAM L. GARRELS, Appellant.

St. Louis Court of Appeals. Opinion Filed December 2, 1919.

1. PROCESS: Service: Return: Motion to Quash Lies Only When Return Itself is Insufficient. Where the ground assigned by the defendant in his motion to quash the return of the sheriff was that neither the plaintiff nor the defendant was a resident of the City of St. Louis, which alleged fact did not appear either in the return or in the petition, *held* such motion did not lie; a motion to quash lies only when the return itself is insufficient.

2. ————: Pleading Jurisdiction: Lack of, Appearing on Face of Petition Met by Demurrer: De Hors Petition and Return Remedy is Plea to Jurisdiction. Where the fact relied upon for lack of jurisdiction appears on the face of the petition, it is a question of law which should be met by a demurrer, but if based upon facts *de hors* the petition and return, it should be made by a plea to the jurisdiction.

3. TRIAL PRACTICE: Mistaken Remedy: Action of Trial Court on Motion to Quash Return not Prejudicial Error. While the action of the trial court in overruling the defendant's motion to quash was proper, in that the reasons set up therein as the ground on which the court had no jurisdiction is not the insufficiency of

service of the writ, but assigned grounds which, if true, could be taken · advantage of only by a plea to the jurisdiction, its action in hearing testimony on the question of the residence of plaintiff under the motion to quash, was error, but not prejudicial, in that such motion should have been overruled.

4. ———: Appellate Practice: Motion for New Trial: Matters of Exception Unless Embodied in Motion for New Trial Not Reviewable. Even though defendant filed his term bill of exceptions in due course to the action of the trial court in sustaining plaintiff's motion to strike out his plea to the jurisdiction from defendant's answer, having failed to embody the action of the court as a ground of exception in his motion for a new trial, such exception will be considered waived, and is not reviewable either by the trial court or the appellate court.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*T. Percy Carr* for appellant.

(1) The courts will not countenance fraud on the part of a plaintiff in obtaining jurisdiction over defendant. Christian v. Williams, 111 Mo. 429, 443; Marsh v. Bast, 41 Mo. 493; Capital City Bank v. Knox, 47 Mo. 334; Byler v. Jones, 79 Mo. 261. (2) Defendant was entitled to a jury trial of the issue of fact presented by his plea to the jurisdiction. Article 2, section 28, Constitution of Missouri; Article 2, section 14, Constitution of Missouri; 24 Cyc. 128. (3) Every publication of a libel is a distinct and separate act and a distinct and separate cause of action. Each time a defendant publishes a libel he commits a fresh tort. State v. Healy, 50 Mo. App. 243; Cook v. Conners, 215 N. Y. 175, L. R. A. 1916, A. 1074; Bigelow v. Sprague, 140 Mass. 425; Odgers on Libel and Slander (5 Ed.), pp. 157-158; Staub v. Van Benthuysen, 36 La. Ann. 467; Newell, Slander and libel (3 Ed.), 1914, p. 299. The allegation of time in plaintiff's petition is material and must be strictly proved. Schlatter

Buddecke v. Garrels.

v. Rector's Adm'r, 180 Mo. 286; Hewitt **v.** Pere Marquette R. R. Co., 171 Mich. 211, 41 L. R. A. (N. S.) 635; 31 Cyc. 706; 22 Enc. Pleading & Prac., p. 608, ibid., p. 552; Gray v. Sidelinger, 72 Me. 114; Cole v. Babcock, 78 Me. 41; Young v. Cook, 144 Mass. 38. (4) The pamphlet, sent out by G. W. Garrels, with the assistance of his son, in defense of his own character against charges made by plaintiff and others, was a privileged cummunication. (a) Every man has a right to defend his character against false aspersion; communications made in fair self-defense are therefore privileged. Odgers on Libel and Slander (5 Ed.), pp. 291-292; Laughton v. Sodor and Man, L. R. 4 P. C. 495, 504; O'Donoghue v. Hussey, Ir. R. 5 C. L. 124; Brewer v. Chase, 121 Mich. 536, 46 L. R. A. 397; Fish v. St. Louis County Printing & Publishing Co., 102 Mo. App. 6, 21-22, loc. cit; O'Connor v. Still, 60 Mich. 175; Holmes v. Clisby, 121 Ga. 241, 104 Am. St. Rep. 103; Sheftall v. Railway Co., 123 Ga 589; Goldberg v. Dobberton, 46 La. Ann. 1303, 16 So. 192. (b) Whenever a party has a legal privilege he is entitled to use such means as are usual and necessary to make such privilege effective, and an agent or person assisting in the publication of the defense is entitled to the benefit of the privilege of his principal. Preston v. Hobbs, 146 N. Y. Supp. 420; Cassidy v. Brooklyn Daily Eagle, 18 N. Y. Sup. 930; Edmondson v. Birch & Co., 76 L. J. Rep. N. S. 346, 96 L. T. N. S. 415, 23 Times L. R. 234, 1 Brit. Rul. Cases 444; Davies v. Sneed, L. R. 5, Q. B. 611; 39 L. J. 2 B. 202; 23 L. T. 609. (5) The mere words "lying affidavit" are not sufficient to charge the crime of perjury. Odgers on Libel and Slander (5 Ed.), 142, ibid. 117; Stanhope v. Blith (1585), 4 Rep. 15; Holt v. Scholefield, 6 T. R. 691; Hall v. Weedon, 8 D. & R. 140; Harris v. Woody, 9 Mo. 113; McManus v. Jackson, 28 Mo. 56; Alderson v. Auerswald, 80 Mo. App. 370; Cook v. Pulitzer Pub. Co., 241 Mo. 326. (6) The meaning of the

defendant's words cannot be enlarged by an innuendo in the plaintiff's petition. Odgers on Libel and Slander (5 Ed.), 116; Ukman v. Daily Record Co., 189 Mo. 378; Krupp v. Corley, 95 Mo. App. 640; Krone v. Block, 144 Mo. App. 575; Powell v. Crawford, 107 Mo. 595; Church v. Bridgeman, 6 Mo. 190; Boyce v. Aubuchon,. 34 Mo. App. 315; Cook v. Pulitzer Pub. Co., 241 Mo. 326, 145 S. W. 480.

*W. B. & Ford W. Thompson* for respondent.

(1) Under the well-known and well-established and elementary principles of the law of libel, one who seeks to justify a statement claimed to be libelous, upon the theory that the matters therein charged are true, must not only state the facts, the proof of which will show the statement to be true, but the justification must be as broad as the libel, where the charge made is that the plaintiff conspired with others named to commit perjury, it will not suffice to plead that some statement that was made by one or the other was false or untrue, without showing what the issue was and the materiality of the alleged false statement, and also some statement tending to show that there was a conspiracy between the plaintiff and the others to falsify material facts. The answer did not even attempt to justify the charges of blackmail, extortion of money by means of threats and conspiracy to maliciously slander. (2) The matters pleaded under defendant's so-called defense of justification, if they constitute any defense, should be set up by way of mitigation, and in support of this contention we respectfully call the Court's attention to the following authorities: Starkie on Libel & Slander (5 Ed.), 413, 415. Odgers on Libel & Slander, section 181 and 417. Newell on Libel & Slander (2 Ed.), p. 657 et seq. (3) An examination of the pleading of justification shows that it in nowise tends to justify the charge of conspiring with others to commit perjury, or the

charge of blackmail, or extortion of money by means of threats, or conspiracy to commit malicious slander, and therefore falls far short of a complete defense to plaintiff's petition. For the Missouri law upon the question of justification we direct the court's attention to: Cook v. Globe Printing Co., 227 Mo. 531 and Merriweather v. Knapp, 128 Mo. App. 385. (4) The plea of "qualified privilege" set up in defendant's answer is not only abortive, but the record presented by the transcript shows conclusively that defendant offered no evidence whatever which would have justified the court in presenting the question to the jury, and that, notwithstanding that fact, the record further shows that the court indulged the defendant and gave the jury the instructions prepared by the defendant himself and based upon defendant's theory of qualified privilege. The value of this plea, and, in fact, the absurdity of instructing the jury thereon, is clearly shown in the case of Ritschy v. Garrels, 195 Mo. App. 670, where this very pamphlet was in question.

BECKER, J.—This case is an action for libel filed in the Circuit Court of the City of St. Louis, by William A. Buddecke, plaintiff, against William L. Garrels, defendant. The case was tried to a jury, resulting in a verdict in favor of plaintiff for $500 actual damages, and from judgment rendered thereon defendant appeals.

Plaintiff in his petition alleges that he is a resident of the city of St. Louis. The defendant, who is a resident of St. Louis county was "found" and served in the city of St. Louis. At the return term following the service upon the defendant, the defendant appeared specially and moved to quash the sheriff's return showing service in the city of St. Louis, and as a ground for the quashing of said return the defendant, in said motion to quash, alleged that neither the plaintiff nor the defendant was a resident of the city of St. Louis at the time the suit was brought. Upon the

hearing of defendant's motion to quash, the plaintiff was a witness in his own behalf and testified that he was in fact a resident of the city of St. Louis, and thereupon said motion was overruled, defendant excepting thereto and preserving his exceptions by the usual term bill, but not embodying this exception in his motion for a new trial filed after the case had been heard on its merits.

Defendant's motion to quash having been overruled, defendant was granted time to plead and in due course filed an answer setting up several defenses, the first of which was a plea to the jurisdiction of the court based upon the same ground set up originally in defendant's motion to quash, namely, that the Circuit Court of the city of St. Louis had no jurisdiction because neither of the parties to the suit was a resident of said city and specifically alleging, in such plea to the jurisdiction, that the plaintiff was a resident of Washington county. This original answer was subsequently withdrawn and an amended answer filed, in which the same plea to the jurisdiction was again set up as the first defense. Thereupon plaintiff moved to strike out such plea to the jurisdiction from said amended answer on two grounds; first, that the defendant, by filing his answer and amended answer, had entered his appearance, and was thereby precluded from pleading to the juisdiction; second, that the defendant had prior to the filing of said answer and amended answer set up the same matter in his motion to quash and dismiss the writ of summons, and that the court had after hearing the evidence adduced on said motion to quash, adjudicated the question of the residence of plaintiff and held it to be in the city of St. Louis, Missouri.

The learned trial court sustained plaintiff's motion to strike out defendant's plea to the jurisdiction, the defendant saving his exception in a term bill filed in due course, but defendant failed to assign the action of the court in thus sustaining the plaintiff's motion to strike out  the defendant's plea to the jurisdiction as

Buddecke v. Garrels.

a ground in his motion for new trial filed after the hearing of the case upon its merits.

The defendant next filed his second amended answer omitting therein his plea to the jurisdiction striken out by the ruling of the court as above noted.

Sometime later the defendant filed a motion to withdraw his second amended answer and for leave to file a third amended answer in lieu thereof, and to reinstate therein his plea to the jurisdiction which the court had striken out of his first amended answer, on the ground that the defendant had, since the filing of his second amended answer, discovered evidence unknown and unobtainable during the earlier stages of the case, which the defendant alleged would conclusively establish the fact that Mr. Buddecke's residence was in Washington county at the institution of the suit, and that the testimony to the contrary on the part of the plaintiff on the hearing of defendant's motion to quash to the effect that he was a resident of the city of St. Louis at that time, was false. The motion further sets up that the defendant had never willingly waived his plea to the jurisdiction, or voluntarily submitted himself to the court's jurisdiction, but that the plaintiff had procured the court's action, namely, the overruling of defendant's motion to quash, by falsely swearing that he was a resident of the city of St. Louis. This motion was duly verified and defendant in addition filed supplementary affidavits thereto a few days after the filing thereof, which affidavits are intended to support the allegation of the said motion. The court, however, overruled defendant's motion and refused leave to reinstate such plea to the jurisdiction. Defendant preserved his exception to this ruling of the court by filing his term bill of exceptions, but an examination of defendant's motion for new trial shows that defendant failed to embody this exception therein.

The defendant thereupon, in his endeavor to avail himself of his jurisdictional defense, applied to the supreme court of this state for a writ of prohibition,

which writ, however, was denied. At the trial of the case the defendant again endeavored to raise the question of jurisdiction without success and saved his exception to the adverse ruling of the court. But the action of the court in thus overruling this jurisdiction question raised by the defendant at the trial is not assigned as one of the grounds set out in the defendant's motion for new trial filed at the conclusion of the case upon the merits.

We will not burden this opinion with a statement of the facts in the case in that the several assignments of error, with the exception of the jurisdictional point, have each of them already been finally disposed of in the case of Ritschy v. Garrels, 195 Mo. App. 670, 187 S. W. 1120, a case in which said Ritschy sued this same defendant for libel because of the publishing of a certain pamphlet containing alleged libelous language (the same as in the instant case), the effect of the principal libelous charge or assignment being the same as in the case at bar, namely, that the defendant, Garrels, in said pamphlet charges plaintiff as having filed lying affidavits in a certain cause of action in the district court of San Miguel county, New Mexico. In other words, we are of the opinion, and so hold, that the Ritchey case disposes of all the points sought to be raised in this present appeal with the exception of the jurisdictional point, to which alone we shall address ourselves in this opinion.

It will be noted that the ground assigned by the defendant in his motion to quash the return of the sheriff was that neither the plaintiff nor the defendant was a resident of the city of St. Louis. This alleged fact did not appear on the face of the return on the summons, nor on the face of the petition; but was a fact (alleged) which did not appear either in the return or in the petition. A motion to quash a return will lie only when the return itself is insufficient. If the fact relied upon the lack of jurisdiction appears on the face of the petition it is a question of law which

should be met by a demurrer, but if, as in the instant case, it is based upon facts *de hors* the petition and return, it would be made by a plea to the jurisdiction. [State ex rel. v. Grimm, 239 Mo. 135, 143 S. W. 483; Newcomb v. Ry. Co., 182 Mo. l. c. 707, 81 S. W. 1069; Thomasson v. Insurance Co., 217 Mo. l. c. 493, 116 S. W. 1092; cited with approval in Hill v. Barton, 194 Mo. App. l. c. 333, 188 S. W. 1105; Warren v. Ry. Conductors of America, 199 Mo. App. l. c. 213, 201 S. W. 368; Kepley v. Park Circuit & Realty Co. (Mo. App.), 200 S. W. l. c. 756.]

In light of what we have stated we are of the opinion that the learned trial court should have overruled the defendant's motion to quash in that the reason set up there therein the ground on which the court had no jurisdiction is not the insufficiency of service of the writ in this case, but assigned grounds which if true could be taken advantage of only by a plea to the jurisdiction. The action of the trial court in hearing testimony on the question of the residence of plaintiff under the motion to quash was error but not prejudicial in that said motion should have been overruled for the reason assigned above.

The defendant, after his motion to quash had been overruled, filed his answer, and thereafter his amended answer, in each of which he set up his plea to the jurisdiction upon the same ground that he had alleged in his motion to quash. Thereupon the court sustained a motion of plaintiff to strike out said plea to the jurisdiction from the amended answer.

While it is true that the defendant filed his term bill of exceptions in due course, to the action of the court herein, yet he failed to embody the action of the court in sustaining the plaintiff's motion to strike out his plea to the jurisdiction from defendant's answer, as a ground of exception in his motion for a new trial, without which it is clear we may not review this matter of exception. It is hardly necessary to cite authorities upon the proposition that all adverse rulings made on

motions during the progress of the case, prior to and leading up to the final judgment entered, are matters of exception, and the fact that term bill of exceptions have in each instance been properly presented and signed by the trial court, as appears from the bill of exceptions, was duly done in this case, are not thereby preserved in case of an appeal in the case unless such exceptions are embodied and duly presented to the trial court for review in a motion for new trial or rehearing, after the final judgment is entered. [Maplegreen Realty Co. v. Trust Co., 237 Mo. 350, 141 S. W. 621; Bush Const. Co. v. Withnell, 190 Mo. App. 33, 175 S. W. 260.] "It is well settled that all errors occurring during the progress of the trial and all matters of exception must be brought to the attention of the court in a motion for new trial; otherwise they will be considered as waived." [State v. Brannon, 206 Mo. 636, 105 S. W. 602.] In light of this well recognized rule it is clear under the record in this case that the defendant's exception to the action of the learned trial court herein has not been set out in the defendant's motion for new trial so as to be considered here.

It might be well to note, in light of the fact that the exception to the action of the trial court in sustaining plaintiff's motion to strike defendant's plea to the jurisdiction from his amended answer is not preserved so as to be reviewable here, that the defendant, after such adverse ruling on the part of the court, filed his second amended answer omitting therefrom his plea to the jurisdiction, and that it was only after the filing of this second amended answer that the defendant filed his motion for leave to file a third amended answer and to reinstate therein his plea to the jurisdiction. However, whether, under these facts, the defendant should be considered as having entered his general appearance and thereby waived his plea to the jurisdiction, we need not determine in light of what we have stated above. [But see Julian v. Kansas City Star Co.,

209 Mo. 35, 107 S. W. 496; Houston v. Pub. Co., 249 Mo. 332, 155 S. W. 1068; McClung v. Pub. Co. (Mo.), not yet officially published, but to be found in 214 S. W. 192.]

Each of the other points that have been made by the appellant in this case has been specifically passed upon adversely to appellant in the case of Ritschy v. Garrels, supra, and we refer those who may be interested in these several points to the opinion. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.