# TRINIDAD ASPHALT MANUFACTURING COMPANY, Appellant, v. STANDARD OIL COMPANY, a New Jersey Corporation, Respondent.

**St. Louis Court of Appeals. Opinion Filed January 8, 1924.**

1. **ATTACHMENTS: Jurisdiction: Acquired by Strictly Following Statutory Mode.** Attachment proceedings being in derogation of the common law and wholly the creation of the statute, and such statute being exclusive, in order to acquire jurisdiction thereunder, the particular mode designated by the statute must be strictly followed.

2. ———: ———: **Property Must Be Found And Attached in County Where Suit is Brought: Otherwise Court is Without Jurisdiction.** Under section 1178, Revised Statutes 1919, where a suit is commenced by attachment against the property of defendant alone, the court is without jurisdiction to proceed, unless such property is found and attached within the county where the suit is brought.

3. ———: ———: **No Property Found in County of Suit: Property in Other Counties: Writ to Another County not Authorized.** Under section 1745, Revised Statutes 1919, where there is but one defendant with property in several counties, suit by attachment may be brought in either and writs issued to the other counties in aid of the original attachment; but where suit is commenced by attachment against the property of the defendant alone and no property of defendant is found in the county where suit is instituted, the court has no jurisdiction to send its writ to a foreign county where the defendant has property.

4. ———: ———: ———: **No Jurisdiction Over Defendant in Person: Garnishments: Court Without Jurisdiction to Issue Summons of Garnishment.** Where no jurisdiction was obtained over defendant in person and no property of the defendant was found and attached within the city of St. Louis, the court was without jurisdiction to issue the writ of attachment, and the summons or writ of garnishment, directed to the sheriff of another county.

5. **GARNISHMENTS: Jurisdiction: Non-Resident Defendant: Garnishee in Other County Answering: Defendant's Right to Question Jurisdiction Not Affected Thereby.** Where suit by attachment was begun in the city of St. Louis against a non-resident defendant, and no property of such defendant found in such city, the fact that a garnishee in another county saw fit to come in and sub-

mit to the jurisdiction of the court, and because the court ordered the garnishee to pay into court the money admitted by the answer to be due, did not deprive the defendant of its right to question the jurisdiction of the court over the garnishee.

6. **ATTACHMENTS: Garnishments: Irregularly Issued: Court May Quash or Dismiss Same Ex Mero Motu.** Where a writ of attachment and summons of garnishment was irregularly issued, it was within the power of the court to quash or dismiss the same *ex mero motu* and without any application for such action by defendant or any other person.

7. ——: ——: **Jurisdiction: Lack of Apparent: Motion to Quash Proper Procedure for Dissolution.** Where it is apparent upon the face of the record that the proceedings upon which an attachment was obtained are irregular and defective, in that they show affirmatively that the statute has not been complied with, the proper procedure for the dissolution of the attachment is by motion to quash, but if such defects an irregularities are not apparent on the face of the record, then the remedy is by plea in abatement.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. Wilson A. Taylor,* Judge.

AFFIRMED AND REMANDED.

*Anderson, Gilbert & Wolfort* for appellant.

(1) The court had no jurisdiction to quash the writ of attachment and garnishment. The question of jurisdiction can only be raised by a plea in abatement in the answer. Daniels v. Yarhola Pipe Line Co., 206 S. W. 600; Meyer v. Ins. Co., 184 Mo. 487; secs. 1232-1233, R. S. 1919; Christian v. Williams, 111 Mo. 429. (2) Attachment in a suit against a nonresident may issue to any other county in the State. Bank v. Rudert, 153 Mo. App. 450. (3) An attachment suit may be maintained any place where the garnishee could have been sued; the *situs* of the debt is in any county where the garnishee could be sued. Howland v. Railway, 134 Mo. 474; Hardware Company v. Lang, 127 Mo. 242; Railway v. McCardle, 232 S. W. 467. (4) As the garnishee did

not prosecute an appeal from the order directing it to pay the money into court the defendant cannot raise this point now. On the record the garnishee admits owing the defendant and has been ordered to pay the money into court. If the court had no jurisdiction, the defendant could sue the garnishee and recover the debt; it would not be bound by the garnishee's answer, but as the garnishee has admitted this sum due and has not perfected an appeal from the order directing payment and overruling its objections to the jurisdiction does not lie in the mouth of the defendant to do so.

*Nagel & Kirby* and *Everett Paul Griffin* for respondent.

(1) Where there is one defendant and no personal service is obtained, and the property of the defendant is found in but one county of the State, a suit by attachment must be brought in the one county where the property may be found (R. S. 1919, sec. 1178). Carter v. Arbuthnot, 62 Mo. 582; Western Stoneware Co. v. Pike County Mineral Springs Co., 172 Mo. App. 696; Monarch Rubber Co. v. Hutchinson, 82 Mo. App. 603. (2) The *situs* of a debt or chose in action, if the owner thereof is a resident of the State, in the county of the residence of the owner, but where the owner is a nonresident, the debt or chose in action has a special *situs* for the purpose of attachment, where the debtor resides or where the creditor could sue to recover the debt. In the case at bar, the *situs* of the debt was St. Louis County. Wyeth v. Lang, 127 Mo. 242; Holland v. The Chicago, R. I. & Pac. Ry., 134 Mo. 474; Western Stoneware Co. v. Pike County Mineral Springs Co., 172 Mo. App. 696. The Parker-Washington Company could only have been sued by the Standard Oil Company in St. Louis County (R. S. 1919, sec. 1180). (3) The motion to quash was the proper method of raising the invalidity of the attachment and garnishment, said invalidity appearing on the face of the record. Graham v. Bradbury, 7 Mo. 281; Owens v.

Johns, 59 Mo. 89; Smith v. Hackley, 44 Mo. App. 614; 6 Corpus Juris, 438; Pattison's Missouri Code Pleading, sec. 846.

BRUERE, C.—Plaintiff, claiming to be a creditor of the defendant, brought this suit, in the circuit court of the city of St. Louis, on November 26, 1920, by attachment against the defendant who was a nonresident of this State.

The grounds alleged for the attachment are that the defendant is not a resident of this State and that it is a corporation whose chief office or place of business is out of this State. The affidavit further alleges that the defendant is a corporation of the State of New Jersey and cannot be sued in this State in the manner prescribed in Chapter 21, Article 4, of the Revised Statutes of Missouri, 1909.

On the same day that the suit was filed plaintiff sued out two separate writs of attachment—one directed to the sheriff of the city of St. Louis, Mo., and the other to the sheriff of the county of St. Louis, Mo. Under the separate writ of attachment issued to the sheriff of the city of St. Louis, Foxhall P. McCormick was summoned as garnishee in the case. On this writ the sheriff of the city of St. Louis, on the 27th day of January, 1921, made a return that the defendant could not be found in the city of St. Louis; that no goods, chattels or real estate could be found in the city of St Louis, Mo., belonging to defendant whereon to levy the writ and make the debt and costs, or any part thereof; and that by order and direction of the attorney for plaintiff he did execute the writ in said city of St. Louis, Mo., on the 26th day of November, 1920, by declaring in writing to Foxhall P. McCormick that he attached in his hands all debts due and owing from him to the defendant and all goods, moneys, effects, rights, credits, chattels, choses in action and evidence of debt of said defendant and that he did summons the said Foxhall P. McCormick in writing as garnishee to appear before the circuit court for the city

of St. Louis at the return term of said writ to answer such interrogatories as might be exhibited and propounded to him by the plaintiff.

Under the separate writ of attachment, issued to the sheriff of the county of St. Louis, the Parker-Washington Company, a corporation, and Foxhall P. McCormick were served in the county of St. Louis and summoned as garnishees; and the sheriff of the county of St. Louis attached in their hands all debts due and owing by them to the defendant, and all goods, moneys, effects, rights, credits, chattels, choses in action and evidence of debt of said defendant.

All garnishment writs were returnable to the February Term, 1921. On February 8, 1921, the plaintiff filed its interrogatories. On the same day the garnishment proceedings against Foxhall P. McCormick, whereby said Foxhall P. McCormick was summoned as garnishee in this cause by the sheriff of the city of St. Louis, Mo., and also by the sheriff of the county of St. Louis, Mo., were both dismissed by the plaintiff at plaintiff's costs.

On February 14, 1921, the Parker-Washington Company, garnishee, filed its motion to quash the writ on the ground that no property of said defendant was attached and personal service was not had on the defendant in the city of St. Louis, and that, therefore, under the statutes the circuit court of the city of St. Louis had no jurisdiction.

Thereafter, on April 30, 1921, the Parker-Washington Company, garnishee, also filed an answer under protest and subject to the motion to quash, to the effect that no valid jurisdiction was obtained in the cause over the garnishee or the defendant; that personal service was not had on the defendant and no property of said defendant was attached in the city of St. Louis; that having no jurisdiction over either the person or property of the defendant, no jurisdiction existed in the circuit court of the city of St. Louis to issue a writ in aid to the sheriff of St. Louis county; that said writ of attachment, issued to the

sheriff of St. Louis county, and said writ of garnishment and service thereof were unlawful and void; that the garnishee should not be required to make answer to the interrogatories filed by plaintiff but should be discharged with its costs. The answer further alleged that, subject to the foregoing, the garnishee, at the time of the service of the garnishment, owed to the defendant and had in its possession moneys, belonging to the defendant, sufficient in amount to satisfy plaintiff's claim.

Thereafter, on August 26, 1921, plaintiff filed its motion for order on the garnishee to pay the sum admitted to be due the defendant into court or to the sheriff of the city of St. Louis, Mo.

On December 5, 1921, the motion of the garnishee to quash the writ was overruled and on December 16, 1921, the court entered an order on said garnishee to pay into the court, within ten days, the sum of twenty-seven hundred and fifty-one dollars and twenty-eight cents admitted in said garnishee's answer, and upon making said payment said garnishee to stand discharged.

On December 12, 1921, the defendant, Standard Oil Company of New Jersey, filed in the attachment proceedings, and also in said garnishment proceedings, its special entry of appearance and motion to quash the writ of attachment, and the summons or writ of garnishment, issued therein and directed to the sheriff of St. Louis county, Mo., for the reason that the circuit court on the face of the record did not have jurisdiction in the premises.

No ruling was made on defendant's said motion in the garnishment proceeding, but on April 12, 1922, the court sustained defendant's motion to quash the said writ of attachment and the said summons or writ of garnishment and quashed the writ of attachment and writ of garnishment.

The plaintiff, in due time, filed a motion to set aside said order and judgment, sustaining the motion to quash. This motion was overruled by the court, and the plaintiff thereupon took this appeal.

It will be noted that it affirmatively appears on the face of the record that no personal service was obtained on the defendant, Standard Oil Company, and that no property of the defendant was found in the city of St. Louis.

Attachment proceedings being in derogation of the common law and wholly the creation of the statute law, the courts have no general jurisdiction thereof but only such special and limited jurisdiction as is given by statute. Such a statute is exclusive, and in order to acquire jurisdiction thereunder the particular mode designated by statute must be strictly followed.

By section 1178, Revised Statutes of 1919, it is provided that "Suits commenced by attachment against the property of a person . . . shall be brought in the county in which such property may be found."

Under this statute, where suit is commenced by attachment against the property of the defendant alone, the court is without jurisdiction to proceed, unless such property is found and attached within the county where the suit is brought.

By section 1745, Revised Statutes of 1919, it is provided: "When there are several defendants who reside or have property in different counties, and when a single defendant in any such action has property or effects in different counties, separate writs may issue to every such county."

Under this statute where there is but one defendant with property in several counties, suit by attachment may be brought in either, and writs issued to the other counties in aid of the original attachment; but where suit is commenced by attachment against the property of the defendant alone, and no property of the defendant is found in the county where suit is instituted, the court has no jurisdiction to send its writ to a foreign county where the defendant has property. Separate writs to another county can be lawfully issued only in aid of another writ, issued in a cause in which jurisdiction has lawfully attached.

In the case at bar, inasmuch as no jurisdiction was obtained over the defendant in person and no property of the defendant was found and attached within the city of St. Louis, it follows that the court was without jurisdiction to issue the writ of attachment, and the summons or writ of garnishment, directed to the sheriff of St. Louis county, Mo. [Monarch Rubber Co. v. Hutchinson, 82 Mo. App. 603; State ex rel. Leahy v. Barnett, 193 Mo. App. 36, 180 S. W. 458; Western Stoneware Co. v. Springs Co., 172 Mo. App. 696, 155 S. W. 1083; Carter v. Arbuthnot, 62 Mo. 582; Hinman v. Rushmore, et al., 27 Ill. 509.]

Counsel for plaintiff, appellant here, however, contend that because the garnishee saw fit to come in and submit to the jurisdiction of the court, and because the court ordered the garnishee to pay into court the money admitted by the answer to be due, the defendant cannot question the jurisdiction over the garnishee.

This position is not tenable. The garnishee, in the eyes of the law, is a mere custodian of the property attached in his hands. He may admit away his own right, but he is powerless to do anything which will effect the rights of third persons. In the instant case the *res* in the possession of the garnishee was not lawfully subjected to the power of the court, but was attached under a writ unlawfully issued, and nothing done under it can claim validity. No act of the garnishee, or order of the court, could deprive the defendant of the right to insist that if his property is to be taken from him against his will it shall be done strictly in the mode prescribed by statute. Any proceedings under the writ of attachment and the summons or writ of garnishment, directed to the sheriff of St. Louis county, Mo., are *coram non judice* and void. [Gates v. Tusten, 89 Mo. 21, 14 S. W. 827; Connor v. Pope, 18 Mo. App. 89; Epstein v. Salorgne, 6 Mo. App. 354; Haley v. Hannibal & St. Joseph Ry. Co., 80 Mo. 112; Dunn v. Mo. Pac. Ry. Co., 45 Mo. App. 1. c. 37; Drake on Attachment (7 Ed.), secs. 452a, 87, 89a.]

Counsel for plaintiff further contend that jurisdiction existed in the circuit court of the city of St. Louis, Mo., under the express provision of section 1180, Revised Statutes 1919, which allows suits against corporations to be brought in the county where the cause of action accrued; and that since the action arose in the city of St. Louis, Mo., the separate writ of attachment issued to the sheriff of the county of St. Louis, Mo., was lawfully issued under section 1745, Revised Statutes 1919 (heretofore referred to.)

In answer to this contention it will suffice to say that the petition in this case does not state or disclose that the cause of action did accrue in the city of St. Louis; nor is there anything in the record upon which to base the contention that the trial court had jurisdiction under said provision of section 1180, Revised Statutes 1919.

Counsel for plaintiff next contend that the court had no jurisdiction to quash the writ of attachment and garnishment issued to the sheriff of St. Louis county, Mo. It is urged that the question of jurisdiction can only be raised by a plea in abatement.

We cannot subscribe to this contention. It is well settled that "where an attachment has been irregularly issued it is within the power of the court to quash or dismiss the same *ex mero motu* and without any application for such action by defendant or any other person." [4 Cyc. of Law & Procedure, p. 781 D.]

It is also a well-established rule of law, that where it is apparent upon the face of the record that the proceedings upon which the attachment is obtained are irregular and defective, in that they show affirmatively that the statute has not been complied with, the proper procedure for the dissolution of the attachment is by motion to quash. But if said defects and irregularities are not apparent on the face of the record, the remedy is by plea in abatement. In the instant case the want of jurisdiction to issue the writ of attachment and garnishment, directed to the sheriff of St. Louis' county, Mo., is apparent on the face of the record and, therefore, the ques-

tion of jurisdiction was properly raised by the motion to quash. [Graham v. Bradbury, 7 Mo. 281; Owens v. Johns, 59 Mo. 89; Smith, Heddins & Co. v. Hackley, 44 Mo. App. 614; 6 Corpus Juris, p. 438, sec. 1021, p. 439, sec. 1022; Patterson, Missouri Code Pleading, sec. 846; Buddecke v. Garrels, 203 Mo. App. 8, 216 S. W. 811; Newcomb v. New York Cent. & H. R. R. Co., 182 Mo. 707, 81 S. W. 1069.] It follows that the judgment should be affirmed and the cause remanded. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed and the cause remanded.